## W. D. HOYL v. STATE.

No. A-964.   Opinion Filed May 16, 1912.

(123 Pac. 700.)

INDICTMENT AND INFORMATION—Grand Larceny—Sufficiency. An objection to the introduction of testimony, "because the indictment does not state an offense against the laws of Oklahoma," was properly overruled, where the indictment, after stating time and venue, contains the following material averments: "W. D. Hoyl did then and there unlawfully, feloniously, and by fraud and stealth * * * take, steal, and carry away * * * one full set double buggy harness, of the value of twenty-five dollars, and one buggy, of the value of fifty dollars, * * * the property of one Lem Ball, and of the aggregate value of seventy-five dollars, then and there in the possession of the said Lem Ball, the said taking, stealing, and carrying away of the said property being then and there done without the knowledge or consent of the said Lem Ball, and against his will, and with the intent then and there existing in the mind of the said W. D. Hoyl to deprive the said Lem Ball thereof, contrary to," etc.

(Syllabus by the Court.)

*Appeal from District Court, Beckham County;*
*G. A. Brown, Judge.*

W. D. Hoyl was convicted of grand larceny, and appeals. Affirmed.

*Powers & Powers* and *Harrison & Leach,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson* and *E. G. Spilman,* Asst. Attys. Gen., for the State.

DOYLE, J.  The plaintiff in error, W. D. Hoyl, was indicted by the grand jury at the August, 1910, term of the district court of Beckham county.  The charging part of the indictment is as follows:

"W. D. Hoyl did then and there unlawfully, feloniously, and by fraud and stealth * * * take, steal, and carry away the corporeal property, to wit, one full set double buggy harness, of the value of twenty-five dollars, and one buggy, of the value of fifty dollars, the said property being then and there the property of one Lem Ball, and of the aggregate value seventy-five dollars, and then and there in the possession of the said Lem Ball, the said taking, stealing, and carrying away of the said property being then and there done without the knowledge or consent of the said Lem Ball, and against his will, and with the intent then and there existing in the mind of the said W. D. Hoyl to deprive the said Lem Ball thereof, contrary to," etc.

Upon his trial the jury returned their verdict finding the defendant guilty of grand larceny as charged in the indictment, and fixing his punishment at imprisonment for two years in the state prison.  September 20, 1910, judgment and sentence was pronounced and entered in accordance with the verdict.  From this judgment the defendant appeals.

The first objection to the sufficiency of the indictment was made when the first witness for the state was sworn and called to testify.  Thereupon counsel for the defendant objected to the introduction of any testimony, for the reason that the indictment does not state an offense against the laws of the state of Oklahoma, which objection was overruled and exception allowed. The first and only assignment of error presented by the brief is based upon this ruling of the court.  In support of this contention counsel say:

"It will be observed that the indictment herein fails to allege that the taking was done with the felonious intent to deprive another thereof.  If this is an essential element of the crime of

larceny, then we contend that this is a material allegation in the indictment, and that an indictment which fails to allege such felonious intent is fatally defective in charging the crime of larceny. For the acts of the taker to constitute the crime of larceny it must be unlawful; that is, accomplished by fraud or stealth, or both. It must be without the consent of the party from whom it is taken, and must be done with a felonious intent to deprive another thereof; that is, an intent to permanently deprive another of the property. These three elements are absolutely necessary to constitute the crime of larceny."

While the indictment is subject to criticism for redundancy and prolixity, we think it sufficiently charges the felonious intent. It was said by this court in *White v. State,* 4 Okla. Cr. 143, 111 Pac. 1010:

"Motions of this kind, coming after the jury had been impaneled, are not looked upon with favor. If the indictment was defective, this matter should have been called to the attention of the trial court by proper motions before the defendant entered his plea. This is the reason why the defendant is allowed by statute one day in which to plead. If the defendant enters his plea, and waits until the introduction of the evidence to object to the sufficiency of the indictment, the objection should be overruled, if by any possible construction or intendment the indictment can be sustained."

See, also, *Edwards v. State,* 5 Okla. Cr. 20, 113 Pac. 214. All that is necessary in this state is to allege the facts constituting the offense in ordinary and concise language, in such a manner as to enable a person of common understanding to know what is intended and the court to pronounce judgment upon the conviction according to the right of the case; and no indictment is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in the matter of form which does not tend to prejudice the substantial rights of the defendant upon the merits. Sections 6704 and 6705, Comp. Laws 1909.

We are of the opinion that the facts stated are sufficient to constitute the crime of grand larceny, and the objection as made was properly overruled.

The judgment of the district court of Beckham county is therefore affirmed.

FURMAN, P. J., and ARMSTRONG, J., concur.