## MAJOR SEAY v. STATE.

No. A-4822. Opinion Filed Feb. 14, 1925.
(233 Pac. 766.)

(Syllabus.)

1. **Indictment and Information—Objection to Sufficiency of Information by Demurrer—Objection to Introduction of Evidence on Ground of Failure of Facts Stated to Constitute Public Offense.** Objections to the sufficiency of an information should be taken by a demurrer thereto, as provided by Code of Criminal Procedure (section 2608, Comp. Stats. 1921). Our Code further provides: "When the objections mentioned in section 2608 appear upon the face of the indictment or information, they can only be taken by demurrer, except * * * that the facts stated do

not constitute a public offense, may be taken at the trial, under the plea of not guilty, and in arrest of judgment." Section 2616. Under this provision, if it appears that the facts stated do not constitute a public offense, an objection to the introduction of evidence on that ground is sufficient to raise the question.

2.    **Intoxicating Liquors—Evidence Insufficient to Show Mixture Capable of Use as Beverage.**    In a prosecution for having possession of intoxicating liquor, evidence held not to show that the liquor or compound in question was capable of being used as a beverage.

3.    **Same—Evidence Insufficient to Support Conviction.**    In a prosecution for having possession of intoxicating liquor, evidence considered, and held insufficient to support a conviction.

Appeal from County Court, Muskogee County; W. W. Cotton, Judge.

Major Seay was convicted of unlawful possession of intoxicating liquor, and he appeals.    Reversed.

M. B. Hartsell, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J.    The information in this case charges that Major Seay, "did knowingly and unlawfully have the possession of certain spirituous liquor, vinous liquor, fermented liquor, malt liquor, and intoxicating liquor, to wit, one hundred (100) gallons of intoxicating liquor containing more than one-half of 1 per cent. of alcohol measured by volume," with intent to sell the same.

On the trial the jury returned a verdict finding him guilty, and fixing his punishment at a fine of $50 and confinement in the county jail for 30 days.    He has appealed from the judgment rendered on the verdict.    The errors assigned question the sufficiency of the information to charge an offense, and the sufficiency of the evidence to sustain the conviction.

The record shows that the first objection to the suffi-

ciency of the information was made when Otto Bales was sworn and called as the first witness for the state, at which time the defendant objected to the introduction of any testimony, for the reason that the facts stated do not constitute a public offense. It is contended that the information should have further charged that the liquor was capable of being used as a beverage.

Objection to the sufficiency of an information should be taken by a demurrer thereto, as provided by Code of Criminal Procedure. Section 2608, Comp. Stats. 1921. Our Code further provides:

"When the objections mentioned in section 2608 appear upon the face of the indictment or information, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the indictment or information, or that the facts stated do not constitute a public offense, may be taken at the trial, under the plea of not guilty, and in arrest of judgment." Section 2616, Comp. Stats. 1921.

Under this provision, if it appears that the facts stated do not constitute a public offense, an objection to the introduction of evidence on that ground is sufficient to raise the question. However, where the objection to an information for a defect of form, apparent on the face thereof, is raised for the first time by objection to the introduction of evidence, it comes too late, and the objection should be overruled, if the facts stated constitute a public offense. In the absence of a demurrer thereto, we think the information sufficient.

The undisputed facts are that a deputy sheriff and constable went to the defendant's farm, a few miles from Oktaha, looking for a man named Lewis, wanted on a warrant from McIntosh county; that they had information that Lewis was stopping at defendant's place. They found Lewis there, but he escaped. The officers testified

that they found in defendant's barn two barrels of mash covered over with hay. A sample of the mash was analyzed, showing an analysis of 4.1 per cent. alcohol. They further testified that the mash was in a state of fermentation, and the same was not fit for beverage purposes.

On his own behalf defendant testified that he lived on his farm with his wife and two children; that on the occasion of the officers' visit to his place he was not at home, and had been absent several days; that he knew nothing about the mash that was found in the barn, hidden in the hay, and had nothing to do with placing it there; that Adam Lewis, sought by the officers, came to his place two days before, and during that time himself and family were absent from home practically all of the time; that witness had never been convicted of any crime.

By numerous decisions of this court it is held that having possession of a compound or mixture containing as much or more than one-half of 1 per cent. of alcohol, and which is not intended and cannot be used as a beverage, is not an offense, as defined by section 7002, Comp. Stats. 1921.

Section 1, c. 42, Session Laws 1923-24, act approved March 22, 1924, makes it unlawful—

"to manufacture, ferment or possess any compound mixture, mash, wort or wash fit for distillation, or for the manufacture of beer, wine, distilled spirits, or other alcoholic liquors, the sale, barter, giving away or otherwise disposing of which is prohibited by the laws of the state of Oklahoma."

This act was not in force and effect at the time the information was filed in this case, and on the undisputed facts the charge should have been manufacturing or attempting to manufacture intoxicating liquor, because the evidence shows that the alleged intoxicating liquor was mash, and was not capable of being used as a beverage.

The conviction, in our opinion, is not sustained by

the evidence, and for this reason the judgment of the lower court is reversed.

BESSEY, P. J., and EDWARDS, J., concur.