## J. W. BECK et al. v. STATE.

No. A-7635.   Opinion Filed Nov. 29, 1930.
As Modified on Denial of Rehearing Jan. 24, 1931.
(295 Pac. 226.)

Champion, Champion & Fischl, for plaintiffs in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiffs in error, hereinafter called the defendants, were charged by information that the said defendants J. W. Beck and W. W. Wise were driving an automobile while under the influence of intoxicating liquor, on the public highways of Carter county, Oklahoma, to wit, upon the Berwyn-Sulphur highway, from Young's store on said highway to Berwyn, and did knowingly, willfully, wrongfully, and unlawfully obstruct and resist an officer, the said Don Gilliam, while in the due and lawful performance of the duty of said office. Defendants were convicted, and each sentenced to pay a fine of $500 and be imprisoned in the county jail for one year. From which judgment and sentence the defendants have appealed.

The testimony, in substance, on the part of the state is that J. E. Doyle, Don Gilliam, Jim Young, and Sol Ridge were at the Young store on or about the 16th day of May, 1929. J. E. Doyle said the defendants came by in their car and one of them was bent over the steering wheel; they may have been drinking; the defendant Wise got out of the car and came into the store a little awkward.

On cross-examination the witness Doyle said he would not say the defendants were drunk or drinking; he did not see them drink, nor did he see any whisky.

Jim Young said he would say they were drunk. On cross-examination he stated he did not see any whisky, nor

did he hear anybody say anything; that one of them came into the store and bought a bottle of soda pop and put it in his pocket and went out; there was no scrap or trouble; the constable did not try to arrest them.

Don Gilliam stated:

"I was at the Young store at the time the defendants came by and I noticed they were drinking; they were walking all right but pretty full; they stopped and bought a bottle of soda pop and went on west; I did not talk with them at the time or make any effort to arrest them; after they left I borrowed a gun and went out to arrest them and overtook them on a bridge at the top of a hill; Wise got out and started an argument and one of the men got the gun and gave it to one of the other men with him; one of the men held my head back over the seat and was beating me; they beat me around until I did not know anything; they took the distributor cap off my car and left me there; they unloaded my gun and threw it down; the defendant Beck was drunk at the time; I was acting as an officer and they resisted arrest."

On cross-examination the witness denied he was drinking; "I never saw the boys take a drink nor did I see any whisky; the defendant Beck held a gun on me."

The defendant Wise testified he was with the defendant Beck when he stopped at Milo and got Dr. Hill; they got some whisky on the road—

"The defendant Beck was not present when we got the whisky; I had taken two drinks; we stopped at the store and bought some pop, Dr. Hill wanted a cold drink; the defendant Beck never got out of the car; the officer arrested me and told Doc to get in and drive the car; Beck was driving and said he was not going to let Doc drive because Doc was drinking; Beck and I wanted to prove to Mr. Gilliam we were not drunk; when we got to his car he was sitting on his gun; he grabbed his gun and I grabbed it; he said he was going to make Hill drive the

car; the other fellow got Gilliam around the neck and hit him; I did not strike or hit him; when he got his gun I got his arm; Beck took the cartridges out of the gun."

The defendant Beck testified and admitted he was out on the road with the other parties mentioned in the record, but denied he had any whisky that day—

"We was at the Jim Young store; stopped there four or five minutes; the next thing we knew a Buick drove up beside us and stopped us and Mr. Gilliam said he would have to take me to Berwyn; I asked why, and he said, 'For the disturbance you raised at the store;' as Gilliam made a move to get his gun Thomas grabbed him around the neck from the back seat, and told him to let go of the gun; I told Thomas not to hit him any more. Thomas is now in the Muskogee jail so I am informed."

The defendant has assigned several errors alleged to have been committed by the court in the trial of his case. Section 1568, C. O. S. 1921, makes it a misdemeanor to resist an officer by force or violence. The statute is as follows:

"Any person who knowingly resists, by the use of force or violence, any executive officer in the performance of his duty, is guilty of a misdemeanor."

The first proposition discussed by the defendant is that the information is duplicitous, and is indefinite, vague, and uncertain. An examination of the record shows that the defendants went to trial without raising any objection to the information by a demurrer, and this court has repeatedly held that where the defendant goes to trial, and for the first time objects to the information on appeal, the objection should be overruled if by any intendment, inference or presumption the information can be sustained. Hoyl v. State, 7 Okla. Cr. 344, 123 Pac. 700; Brashears et al. v. State, 38 Okla. Cr. 175, 259 Pac. 665; Anderson v. State, 21 Okla. Cr. 193, 207 Pac. 977.

The information in this case states sufficient facts to advise the defendants of the charge against them, and the contention of the defendants as to the information not being sufficient is without sufficient merit to justify a reversal.

The second proposition urged by the defendant is that the information attempts to charge a crime of attempting to resist an officer, and is fatally defective in this, that it does not charge that the defendants knew Don Gilliam was an officer at the time of the commission of the offense, and the defendants insist that it is an essential element of the crime charged against them that they knew the prosecuting witness was an officer at the time they had the fight with him and beat him up, and that the demurrer of the defendants, at the close of the state's testimony and at the conclusion of all the testimony, should have been sustained, for the reason that there is no allegation in the information that the defendants knew the prosecuting witness was an officer at the time of the trouble. Citing, in support of their contention, Ratcliff v. State, 12 Okla. Cr. 448, 158 Pac. 293.

From an examination of the authority cited in support of this contention, it clearly appears that the authorities cited in support of the contention are not in point, and the demurrer of the defendants to the evidence was properly overruled.

The third contention urged by the defendants is that, if guilty of anything, they are guilty of the crime of assault and battery, or obstructing an officer. This contention is not well taken, as the proof clearly shows that the defendants resisted an officer by beating him up and disarming him, and refusing to go with him as directed and asked to do at the time, when the prosecuting witness acting in his capacity as an officer attempted to arrest them.

The fourth contention of the defendants is that the court erred in its instructions to the jury. After a careful reading of the instructions in their entirety, they substantially state the law applicable to the facts in the case. The defendants contend the court erred in overruling their motion for a continuance. An examination of the motion set forth in the record shows that due diligence was not used in attempting to secure the evidence of the absent witness, and for that reason we hold, the motion for continuance being within the discretion of the trial judge, this court will not reverse a case unless the record clearly shows the court abused that discretion. The record does not show any diligence on the part of the defendants to secure the testimony of the absent witnesses, and the motion for continuance was properly overruled.

An examination of the records shows that the defendants were accorded a fair and impartial trial. The court substantially advised the jury as to the law applicable to the facts in the case. No fundamental or prejudicial errors appearing in the record, the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.

On Petition for Rehearing.

PER CURIAM. The original opinion in this case was rendered November 29, 1930. Petition for rehearing was filed December 11, 1930.

The court, after considering the testimony and record in the case, denies the petition for rehearing. After a careful examination of the record, it appears that the sentence imposed in this case is excessive. It is therefore ordered that the sentence of one year in jail and a fine of $500 be modified to a sentence of six months in jail and a fine of $250.