## J. W. COOKE v. STATE.

No. A-8293.   May 28, 1932.
(12 Pac. [2d] 244.)

Fred E. LaRue, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  Plaintiff in error, hereinafter called defendant, was convicted in the district court of Custer county of assault with a dangerous weapon, and his punishment fixed by the jury at a fine of $100 and imprisonment in the county jail for a period of 30 days.

It is first contended that the information is duplicitous. It is apparent from a reading of the information that the pleader was attempting to charge one assault with two different weapons. The information was not duplicitous, although poorly drawn.

The court sustained defendant's objection to the introduction of any evidence, holding the information duplicitous and requiring the state to elect upon which of the two charges it would proceed to trial. Thereupon the state elected to proceed upon the charge of assault with a dangerous weapon, to wit, a billy club. Thereupon defendant challenged the jurisdiction of the court to try the case for the reason that the information upon which the state had elected to proceed charged only assault and battery, and that it therefore appeared upon the face of the information that the court was without jurisdiction. This objection was overruled, exceptions saved, and the case is now before this court upon the question of the sufficiency of the information to charge an offense within the jurisdiction of the trial court.

To support this contention, defendant relies on Moody

v. State, 11 Okla. Cr. 471, 148 Pac. 1055, where this court said:

"When the weapon charged to have been used is not a deadly weapon per se, then a sufficient description of such instrument, the manner in which it was used, and the effect produced by the use thereof, should be set forth. This rule, of course, would not be necessary if the weapons were deadly per se."

There defendant demurred to the information, which charged an assault by "then and there striking W. May with a dangerous weapon, to wit, a wooden plank." The facts and record in that case render it not in point here.

Defendant was charged in the case at bar under section 1764, C. O. S. 1921, which provides:

"Any person who, with intent to do bodily harm, and without justifiable or excusable cause commits any assault upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots or attempts to shoot at another, with any kind of firearm or airgun, or other means whatever, with intent to injure any person, although without intent to kill such person or to commit any felony, is punishable by imprisonment in the penitentiary not exceeding five years, or by imprisonment in a county jail not exceeding one year."

It will be noted that this section covers the use of any "sharp or dangerous weapon." Section 1756, C. O. S. 1921, uses the words "with intent to kill * * * commits any assault and battery upon another by means of any deadly weapon." There the offense being the use of a deadly weapon with intent to kill, and here only an assault with a dangerous weapon.

The conflict, if any, in the authorities in this state, arises out of seeming to require the same particularity of

pleading under section 1764, supra, as would be required under section 1756, supra.

In Clark v. State, 11 Okla. Cr. 494, 148 Pac. 676, 677, this court held an information drawn under section 1764, supra, charging an assault with a dangerous weapon, "to wit, a long rod or bar of steel or iron" to be sufficient as against an objection to the introduction of any evidence.

To like effect are: Fields v. State, 13 Okla. Cr. 731, 167 Pac. 344, where the charge was "a large knife"; Gidens v. State, 31 Okla. Cr. 137, 286 Pac. 912, where the charge was "an open pocket knife"; State v. Tidwell, 43 Ark. 71; People v. Pape, 66 Cal. 366, 5 Pac. 621; State v. Seamons, 1 G. Greene (Iowa) 418.

In the case of People v. Casey, 72 N. Y. 393, it was held:

"An indictment under laws 1854, c. 74, for an assault with 'a sharp, dangerous weapon,' is not invalidated for naming, besides a knife, a pistol, slungshot, billy, and club. Whether the instrument used was sharp is a matter to be proved at the trial."

The words "billy club" as used in the case at bar are equally as strong as those used in the cases above cited, and are further strengthened by the fact that by section 1992, C. O. S. 1921, it is made unlawful for any person to carry upon or about his person any pistol, revolver, bowie knife, dirk knife, loaded cane, billy, metal knuckles, or any other offensive or defensive weapon. Thus the Legislature has included within the prohibited class of dangerous weapons the billy club, set out in the information in this case. It was not error, therefore, for the trial court to overrule defendant's objection to the introduction of

evidence under the information, and to overrule his motion in arrest of judgment.

Complaint is also made against certain instructions of the court and the refusal of the court to give certain requested instructions. An examination of the record discloses that the instructions given sufficiently cover the law as applied to the facts. It was not error, therefore, to refuse to give the requested instructions.

Further complaint is made that the court erred in refusing to permit the defendant to introduce certain competent and material testimony in his behalf. An examination of the record discloses that the court permitted defendant to introduce all the competent evidence offered by him.

The judgment of the court was that defendant be imprisoned in the county jail for 30 days and pay a fine of $100 and costs, and be further committed until the fine and costs were paid. The ends of justice will be accomplished by remitting the 30 days' imprisonment, and committing defendant to the county jail until the fine and costs are paid.

The judgment is therefore modified and the punishment reduced to a fine of $100 and costs, and defendant ordered committed to the county jail until the fine and costs are paid, and, as modified, the cause is affirmed.

EDWARDS, J., concurs. DAVENPORT, P. J., not participating.