## STATE v. L. C. FORCE.

No. A-8363.   June 4, 1932.

(12 Pac. [2d] 246.)

J. Berry King, Atty Gen., and Gerald Spencer, Co. Atty., and Owen Vaughn, Asst. Co. Atty., for the State.

CHAPPELL, J.   On October 19, 1931, the state filed an information in the district court of Grady county against L. C. Force, the defendant, charging an assault with a dangerous weapon.

The case came on for trial on the 27th day of January, 1932, pursuant to regular assignment, the state being represented by Gerald Spencer, county attorney of Grady county, and the defendant appearing in person and by his attorneys, Melton & Melton.   The state and the defendant announced ready for trial, and a jury was impaneled.   The information was read and the opening statement for the state was made.   Thereupon the court, upon its own volition and own motion, discharged the jury. and dismissed the case, because the information failed to state any offense against the laws of the state of Okla-

homa, to which the state objected and excepted and which exceptions were by the court allowed.

Thereupon, the state filed a motion for a new trial, which was overruled, to which the state excepted and gave notice in open court of its intention to appeal to this court. Notice of appeal was duly served on the court clerk and the defendant and the appeal lodged in this court on the 16th day of March, 1932.

The state contends the court erred in setting aside, upon its own volition and motion, the information, and in holding as a matter of law that the information failed to state an offense against the laws of the state of Oklahoma.

The state was prosecuting defendant on a charge of assault with a dangerous weapon, as defined by section 1764, C. O. S. 1921, which reads:

"Any person who, with intent to do bodily harm, and without justifiable or excusable cause commits any assault upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots or attempts to shoot at another, with any kind of firearm or airgun, or other means whatever, with intent to injure any person, although without intent to kill such person or to commit any felony, is punishable by imprisonment in the penitentiary not exceeding five years, or by imprisonment in a county jail not exceeding one year."

The charging part of the information alleges:

"That on or about said day and date and in said county and state, the said L. C. Force, then and there being, did then and there willfully and unlawfully, intentionally and feloniously, without justification or excusable cause, make an assault in and upon one M. W. Powell, with a certain pistol, said pistol being then and there a dangerous weapon and then and there had and held in the hands

of him, the said L. C. Force, and that the said L. C. Force did then and there with said pistol so had and held as aforesaid, strike, wound and injure then and there the said W. M. Powell in and upon the body of him, the said W. M. Powell, with the unlawful, wrongful and felonious intent, then and there, on the part of him, the said L. C. Force, to do bodily harm and injury to him, the said W. M. Powell, contrary to the form of the statute" etc.

In Clark v. State, 11 Okla. Cr. 494, 148 Pac. 676, 678; Fields v. State, 13 Okla. Cr. 731, 167 Pac. 344; Cotton v. State, 22 Okla. Cr. 252, 210 Pac. 739; Gidens v. State, 31 Okla. Cr. 137, 236 Pac. 912, and Kinter v. State, 40 Okla. Cr. 201, 267 Pac. 680, this court held similar informations charging assault with a dangerous weapon to be sufficient.

In the recent case of Cooke v. State, 53 Okla. Cr. 348, 12 Pac. (2d) 244, this court discusses the necessary allegations in an information for assault with a dangerous weapon, citing not only the Oklahoma cases, but also cases from Arkansas, California, and New York.

The defendant not having filed any demurrer nor otherwise raised the question of the sufficiency of the information, the court should have measured it by another and more liberal rule than if defendant had questioned its sufficiency as provided by law.

This court has repeatedly held that, if a defendant makes no objection to the form or sufficiency of an indictment or information until after the jury has been impaneled, the objection should be overruled if, by any reasonable construction or intendment, the information can be sustained. White v. State, 4 Okla. Cr. 143, 111 Pac. 1010; Edwards v. State, 5 Okla. Cr. 20, 113 Pac. 214; Hoyl v. State, 7 Okla. Cr. 342, 123 Pac. 700; Wilsford v. State, 8 Okla. Cr. 535, 129 Pac. 80; Harrison v. State, 12 Okla. Cr. 398, 157 Pac. 707; Seay v. State, 29 Okla. Cr.

189, 233 Pac. 766; Brown v. State, 33 Okla. Cr. 217, 242 Pac. 1065; Brashears v. State, 38 Okla. Cr. 175, 259 Pac. 665.

In Chamberlain v. State, 42 Okla. Cr. 410, 276 Pac. 507, this court had under consideration an information which charged defendant with committing an assault by pointing a shotgun at several persons assembled in a room, and held the information sufficient where objection was raised for the first time to the introduction of any evidence, and also said in addition thereto:

"An information is sufficient if it charges an offense in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended, and with such a degree of certainty as to enable the court to pronounce judgment upon a conviction according to the right of the case."

Measured by the authorities above cited, the information was sufficient to charge the offense, and much more would this be so since the defendant himself had at no time, either before or after the jury was impaneled, raised any question of its sufficiency.

The cause is therefore reversed.

EDWARDS, J., concurs. DAVENPORT, P. J., absent, not participating.