## WILLIAMS v. STATE et al.

No. A-11598.   Dec. 3, 1952.

(251 P. 2d 519.)

Lee Welch, Antlers, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. Plaintiff in error, James Williams, defendant below, was charged by information in the district court of Pushmataha county, Oklahoma, with having in said county committed the crime of assault with a dangerous weapon on or about December 4, 1948, upon the person of one Herman Crump. The defendant was tried by a jury, convicted, his punishment fixed at 2 years in the State Penitentiary, judgment and sentence entered accordingly, and from which this appeal by transcript has been perfected. This appeal being on transcript, we do not have the factual record before us and we must look to the information itself for a determination of its sufficiency.

The sole question raised herein is that the information is fatally defective, and that the defendant's demurrer should have been sustained for the reason the

information was insufficient to support the conviction. The defendant's contention is predicated upon the language of the statute and the allegations of the information. The statute under which this action was brought, Title 21, § 645, O.S.A. 1941, reads as follows:

"Every person who, with intent to do bodily harm, and without justifiable or excusable cause commits any assault upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots or attempts to shoot at another, with any kind of firearm or air gun or other means whatever, with intent to injure any person, although without intent to kill such person or to commit any felony, is punishable by imprisonment in the penitentiary not exceeding five years, or by imprisonment in a county jail not exceeding one year."

The charging part of the information herein involved reads as follows, to wit:

"That the said James Williams did in the County and State aforesaid and on the day and year aforesaid did then and there knowingly, wilfully, wrongfully, unlawfully, intentionally and feloniously, without justification or excusable cause, make an assault in and upon one Herman Crump with a certain Weapon to-wit: One 20 gauge shotgun, said gun being then and there a dangerous weapon and then and there with said gun, wound and injure then and there the said Herman Crump in and upon the body of him, the said Herman Crump, with the unlawful, wrongful and felonious intent then and there on the part of him, the said James Williams; contrary to the form of the statutes."

As hereinbefore indicated the defendant demurred to the information on the ground it failed to state facts sufficient to constitute an assault with a dangerous weapon, or to charge the defendant with the commission of any felony. Primarily the attack on the information is based on the proposition that the information does not charge the particular acts done by the defendant or what use was made of the 20-gauge shotgun so as to bring the attempted charge within the language of the statute. An examination of the statute discloses that it defines two methods of committing the crime of assault with a dangerous weapon, to wit, (1) by means of any sharp or dangerous weapon, (2) or who without cause shoots or attempts to shoot at another with any kind of firearm, airgun or other means whatever. The question confronting us, therefore, is, Does the allegation bring the case within the statute? The information herein does not state any facts to show the manner in which the gun was used so as to bring the case under the provisions of the first method under the statute, and (2) it does not allege that the defendant shot or attempted to shoot the complaining witness so as to bring the case within the second method of effecting the crime defined in the statute. It is therefore apparent from an examination of the information that it charges, if anything, nothing more than simple assault, and possibly by inference only a battery. Hence, the information is entirely insufficient to bring the case within the provisions of Title 21, § 645, O.S.A. 1941, and the trial court should have sustained the demurrer thereto. In this conclusion we are supported by Parks v. State, 14 Okla. Cr. 413, 171 P. 1129:

" 'That A. G. Parks * * * did then and there willfully, unlawfully, and feloniously and with force and violence and without justifiable or excusable cause make an assault in and upon the person of one Wm. Gearhart with a dangerous weapon, to wit, a revolving pistol, with the intent then and there of him, the said A. G. Parks, to do him, the said Wm. Gearhart, bodily harm.' * * *

" 'But as a charge under said section, we believe said information to have been defective, in that it failed to allege the manner in which the said 'revolving pistol' was used upon prosecuting witness. Clark v. State, 6 Okla. Cr. 100, 116 P. 200."

In Wilcox v. State, 13 Okla. Cr. 599, 166 P. 74, the charging part of the information alleged:

" 'That on the 21st day of September, A.D. 1917, in said county of Pawnee and state of Oklahoma, one S. Wilcox, a person then and there being, did then and there willfully, unlawfully, feloniously commit the crime of assault with a dangerous weapon by then and there willfully, unlawfully, knowingly, and feloniously, and without justifiable and excusable cause, and with the intent then and there on the part of him the said S. Wilcox to do great bodily harm to another, to wit. T. U. Salmon, commit an assault upon the person of another, to wit, the said T. U. Salmon with a dangerous weapon, to wit, a claw hammer, contrary to,' etc.

"The record shows that the sufficiency of the information was first raised by motion in arrest of judgment, which was duly filed, by the court overruled, and exception allowed.

"While, as a general rule, it is sufficient to charge a statutory offense in the language of the statute there are exceptions to the rule. The information must contain a statement of the acts constituting the offense, and if the statutory words are not sufficient, it must be expanded beyond them.

" 'The criminal nature and degree of the offense must "appear in allegation," also the particular facts and circumstances which render the defendant guilty of that offense.' 1 Bishop's Crim. Proc. par. 625.

"The use of a dangerous weapon is what distinguishes the crime of an assault with a dangerous weapon with intent to do bodily harm from a simple assault. A dangerous weapon is one likely to produce death or great bodily injury by the use made of it, or perhaps it is more accurately described as a weapon, which in the manner it is used or attempted to be used endangers life or inflicts great bodily harm."

In Moody v. State, 11 Okla. 471, 148 P. 1055, where the assault was alleged to have been made with a plank the information was held to be bad for not alleging the manner of the use thereof, and it was said to be error for the trial court not to sustain the demurrer. In the body of the opinion this court said:

"The charging part of the indictment was, according to the contention of counsel for plaintiffs in error, too indefinite in that it did not describe the plank and designate in what manner it was used, it being their contention that a plank is not per se a deadly weapon; that, not being per se a deadly weapon, the county attorney was required to plead facts sufficient to show the character of the plank and the manner in which it was used; and that the facts so pleaded must show that the instrument used was of the character set out in the statute and used in such manner as to be reasonably calculated to produce serious bodily injury. The Assistant Attorney General contends that indictment is sufficient, and cites State v. Dineen, 10 Minn. 407. In this case the indictment charged the assault was made with a deadly weapon, to wit, a large, heavy stone. The Supreme Court of Minnesota held the indictment sufficient. In our judgment the authorities recognize a clear distinction in 'a sharp and dangerous weapon' and a 'deadly weapon.' There could be considerable difference in the weapon 'a plank' and the weapon 'a large, heavy stone.' It is a matter of common knowledge that a plank can be used as a weapon of offense or defense in numerous ways without inflicting serious bodily injury or intending to inflict such injury. A plank can also be used in a manner calculated to produce death or serious bodily injury. We are of opinion that the information should have set out facts sufficient to indicate that an assault with a sharp and dangerous weapon with intent to do bodily harm without justifiable or excusable cause was committed, in view of the fact that the weapon charged was not necessarily a deadly or a dangerous weapon per se. Such a ruling imposes no burdensome duty upon the county attorneys, and in no way tends to interfere with the proper enforcement of the law, but is a reasonable and fair interpretation of the statute, to which the citizenship is entitled. In our judgment the demurrer should have been sustained."

Herein the defendant having raised this issue by demurrer, the state is in no position to rely on the liberal rule followed in many cases, and as stated in State v. Force, 53 Okla. Cr. 371, 12 P. 2d 246, 247:

"The defendant not having filed any demurrer nor otherwise raised the question of the sufficiency of the information, the court should have measured it by another and more liberal rule than if defendant had questioned its sufficiency as provided by law.

"This court has repeatedly held that, if a defendant makes no objection to the form or sufficiency of an indictment or information until after the jury has been impaneled, the objection should be overruled if, by any reasonable construction or intendment, the information can be sustained. White v. State, 4 Okla. Cr. 143, 111 P. 1010; Edwards v. State, 5 Okla. Cr. 20, 113 P. 214; Hoyl v. State, 7 Okla. Cr. 342, 123 P. 700; Wilsford v. State, 8 Okla. Cr. 535, 129 P. 80; Harrison v. State, 12 Okla. Cr. 398, 157 P. 707; Seay v. State, 29 Okla. Cr. 189, 233 P. 766; Brown v. State, 33 Okla. Cr. 217, 242 P. 1065; Brashears v. State, 38 Okla. Cr. 175, 259 P. 665."

Herein we have no such liberty in construing the information because a demurrer was interposed to the sufficiency of the information. We are not at liberty to indulge the rule of reasonable intendment, nor from the allegations of the information can we say that the shotgun and the use made of it constituted a dangerous weapon per se. We certainly could not presume from the allegations of the information that the gun was loaded, that it was pointed at the victim, or that it was fired at the victim or used as a bludgeon upon him. Under these conditions, the trial court should have done what we are compelled to do, sustain the defendant's contention. There are many cases holding that where an information is brought under Title 21, § 645, O.S.A. 1941, the information is good where the allegations are in the language of the statute and where the sufficiency of the information was not attacked by demurrer or otherwise. But in practically all of these cases we find there is some allegation indicating the manner of the use of the dangerous weapon, with which the assault was made. It is appropriate to consider a few of these cases. In State v. Force, supra wherein the assault alleged to have been made with a pistol, and to the effect that the defendant did "strike, wound and injure" the victim, the information was held to be good. The information in the Force case certainly was sufficient to bring the case within the first definition as to the method of assault in such manner as to remove the charge from the realm of speculation, and to advise the defendant as to the issue he was called upon to meet. In Spencer v. State, 49 Okla. Cr. 208, 293 P. 278, it was alleged that the defendant did "strike, cut, stab, wound and injure". Therein the information was held to be sufficient. In Cotton v. State, 22 Okla. Cr. 252, 210 P. 739, the information alleged the defendant assaulted the victim with a knife and did "strike, beat, bruise, wound, cut, and otherwise illtreat him." Likewise, this information was held to be sufficient. In Gidens v. State, 31 Okla. Cr. 137, 236 P. 912, 913, wherein a similar allegation to the effect that the defendant did "strike, cut, stab, and wound" the victim was held to be good. In Clark v. State, 11 Okla. Cr. 494, 148 P. 676, it was alleged the assault was effected by beating the victim with a long rod or bar of steel or iron. So also this information was held to be sufficient. And in the comparatively recent case of Smith v. State, 79 Okla. Cr. 151, 152 P. 2d 279, it was alleged the assault was made by kicking with a heavy pair of shoes. This information this court said was not detailed as it should have been but in the absence of a demurrer it was sufficient to sustain the verdict, "provided the facts justified". In all the cases we have found where the sufficiency of the information was attacked by demurrer, and where the manner of assault has not been alleged the informations have been held bad. See, also, French v. State, 73 Okla. Cr. 141, 118 P. 2d 664; Bruner v. State, 69 Okla. Cr. 317, 102 P. 2d 945, wherein the informations were held good against demurrer. We have been unable to find any cases alleging no more than the information herein does, that has been sustained where attacked by demurrer. The information in the case at bar is so indefinite and uncertain as to make it impossible to determine whether the case falls under

the first or second definitive term of the statute, or whether it comes within the terms of either. Under these conditions it is apparent it would be entirely insufficient upon which to predicate a conviction for a felony, to wit, assault with a dangerous weapon. Hence the information is insufficient to confer jurisdiction upon the district court under the allegations contained therein. This cause is therefore reversed and remanded with directions to file an amended information and to proceed in a manner consistent with the law in such cases.

JONES and POWELL, JJ., concur.