The STATE of Oklahoma, Plaintiff in Error,

v.

McMurray SPURLOCK, Defendant in Error.

No. A–13048.

Court of Criminal Appeals of Oklahoma.

May 16, 1962.

**740** ▇

J. B. Garvey, Co. Atty. Custer County, Atty. for plaintiff in error.

Meacham, Meacham & Meacham, Clinton, Atty. for defendant in error.

NIX, Presiding Judge.

▇ This is an appeal by the State upon a question of law from the decision of the trial judge in sustaining a Demurrer to the information.

McMurray Spurlock was charged by information in the District Court of Custer County with the crime of Assault and Battery with a Dangerous Weapon. Defense Counsel filed a demurrer to the information which was sustained by the trial judge.

The State served notice of appeal and lodged said appeal in this Court in the time prescribed by law. The State contends that the information was sufficient to withstand a demurrer and asks for a determination of that issue.

The record reflects that the charging part of the information, after having been amended by order of the court, read as follows:

"did then and there commit the offense of Assault and Battery with a dangerous weapon with intent to do bodily harm in manner and form as follows, to wit: The defendant, Mc-Murray Spurlock, did in said county and state on the date above named, at what is known as "Elija Bells" place at 227 East Court Street, in Clinton, Custer County, Oklahoma, unlawfully, wilfully, and feloniously and without justifiable or excusable cause, did commit an assault and battery in and on the person of John Hill, with a certain dangerous weapon, to wit; a loaded revolver weighting, with the cartridges therein, two (2) pounds, being a .38 caliber snub-nose revolver having on the underside near the end of the barrel, a sharp metal sight, said loaded revolver then and there held in the hand of said McMurray Spurlock, and he, the said McMurray Spurlock, did then and there with great force, strike, wound and cut and fracture the nose of the said John Hill, with the willful, unlawful, and felonious intent on the part of the said defendant, then and there to injure and do great bodily harm to the said John Hill, contrary to the form of the statute in such case made and provided; and against the peace and dignity of the State of Oklahoma."

It is obvious from reading the information that defendant was charged under Title 21 § 645 which set forth the crime of Assault and Battery in the following language:

"Every person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault and battery upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots or attempts to shoot at another, with any kind of firearm or air gun, or other means whatever, with intent to injure any person, although without intent to kill such person or to commit any felony, is punishable by imprisonment in the penitentiary not exceeding five (5) years, or by imprisonment in a county jail not exceeding one (1) year."

It is to be readily observed that the first part of this section makes it a felony to commit any assault and battery upon a person with any sharp or dangerous weapon and the second part of said section makes it an offense to attempt to shoot at another, with any kind of firearm or air gun or other means whatever, with intent to in-

jure any person, although without intent to kill such person or to commit any felony.

This Court is of the opinion that the information appears upon its face to contain allegations sufficient to state the commission of an offense under the first portion of said statute.

Defense Counsel filed no brief and the record does not reflect upon what grounds the court sustained the demurrer.

The Demurrer filed by defense counsel states that the information did not contain facts sufficient to constitute a public offense and for the reason that said information did not substantially conform to the requirement of the law of the State of Oklahoma.

This Court fails to see where the trial court was justified in sustaining a Demurrer to the information. It appears upon its face to contain all necessary elements of the crime charged, to wit; Assault and Battery with a Dangerous Weapon.

An information is sufficient if it charges an offense in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended and with such a degree of certainty as to enable the Court to pronounce Judgment upon a conviction according to the right of the case, see Chamberlain v. State, 42 Okl.Cr. 410, 276 P. 507.

This Court passed upon a very similar case appealed by the State in State v. Force, 53 Okl.Cr. 371, 12 P.2d 246. In the case of Williams v. State, 96 Okl.Cr. 184, pg. 187, 251 P.2d 519, the court commented upon the Force case supra, as follows:

"There are many cases holding that where an information is brought under Title 21, § 645, OSA 1941, the information is good where the allegations are in the language of the statute and where the sufficiency of the information was not attacked by demurrer or otherwise. But in practically all of these cases we find there is some allegation indicating the manner of the use of the dangerous weapon, with which the assault was made. It is appropriate to consider a few of these cases in State v. Force, supra, wherein the assault alleged to have been made with a pistol, and to the effect that the defendant did 'strike, wound and injure' the victim, the information was held to be good. The information in the Force case certainly was sufficient to bring the case within the first definition as to the method of assault in such manner as to remove the charge from the realm of speculation, and to advise the defendant as to the issue he [is] called upon to meet."

In the Case at bar, the information properly described the weapon and the manner in which it was used and the injury inflicted by said weapon and its use.

In the case of Beeler v. State, Okl. 1959, 334 P.2d 799, 806, this Court said:

"Some weapons under particular circumstances, are so clearly lethal that the court may declare them to be such as a matter of law. Of this class are the weapons falling within the category of Title 21 OSA § 1271, supra, all others are lethal or not, according to their capability to produce death or great bodily harm in the manner in which they are used, and the jury must be the judge. It is a question of fact, the determination of which properly belongs to them". See State v. Godfrey, 17 Or. 300, 20 P. 625.

The Court does not have the benefit of defense counsel's contention, brief or argument, however, examination of the information leads us to believe it is sufficient to charge the offense, and that the trial court erred in sustaining a demurrer thereto. The question of law is therefore decided in favor of the State.

This appeal reserved only for decision a question of law, and precludes further prosecution. (See State v. Robertson, 28 Okl.Cr. 234, 230 P. 932.)

BRETT and BUSSEY, JJ., concur.