# HARRY COHN v. STATE.

### No. A—175. Opinion Filed December 19, 1910.

1. **APPEAL—Review—Case-Made—Service.** No case-made in a criminal action will be considered on appeal unless it is affirmatively shown that it was served upon the county attorney within the time prescribed by the trial court for that purpose.

2. **APPEAL—Review—Defective Case-Made as Transcript.** Where, because of some defect or omission, a purported case-made cannot be considered as such, but contains a transcript of the record proper and is duly certified as a transcript, assignments of error predicated upon the record proper may be considered by the appellate court upon such transcript.

3. **APPEAL—Review—Record—Instructions.** The instructions to the jury, when given in writing and filed, or if given orally, when transcribed and filed, become a part of the record proper in this jurisdiction.

4. **INSTRUCTIONS—Sufficiency.** The court instructed the jury that if they believed from the evidence beyond a reasonable doubt, or if the circumstances were sufficiently strong as to lead them to believe beyond a reasonable doubt, that the defendant was guilty, then they should convict. **Held,** upon a consideration of the instructions as a whole, that the jury must have understood that the only circumstances which they could consider were those proved, and that they should convict only if the positive evidence in the case or the circumstances proved established the defendant's guilt beyond a reasonable doubt.

5. **APPEAL—Review of Instructions—Record of Evidence.** Where an instruction given in the trial of a case may or may not have been correct, depending for its correctness upon the evidence in the case, and the evidence is not properly preserved for review either by case-made or bill of exceptions, the presumption that the court charged the jury correctly must prevail.

(Syllabus by the Court.)

*Appeal from Pittsburg County Court; R. W. Higgins, Judge.*

Harry Cohn was convicted of selling malt liquor, and his punishment was assessed at imprisonment for a period of sixty days and a fine of $200. From an order overruling a motion for a new trial, he appeals. Affirmed.

*J. G. Harley* and *Stuart, Gordon & Liedtke,* for plaintiff in error.

*Fred S. Caldwell,* for the State.

RICHARDSON, JUDGE.   The court overruled plaintiff in error's motion for a new trial and pronounced sentence on March 19, 1909, and on that day gave plaintiff in error thirty days within which to serve his case-made on the county attorney.   On April 17, 1909, the court granted plaintiff in error, on the latter's motion, five additional days for the service of the case-made.   The time for serving the case-made therefore expired on April 23, 1909.   There is nothing in the record to show that it was ever served on the county attorney.   The purported case-made contains a stipulation signed by the county attorney to the effect that he waives notice of the time and place of presenting same to the judge for settlement and signing, and agrees that the same may be settled and signed by the judge at the latter's convenience. This is dated May 8, 1909, fifteen days after the time allowed for serving the case-made.   That does not show that the case-made was served on the county attorney; and if it did, it would be no showing that it was served within the time allowed.   No case-made will be considered by this court unless it is shown positively and affirmatively that it was served upon the county attorney within the time allowed by the trial court.   *Box v. State, ante,* 111 Pac. 655; *Wilson v. United States, ante,* 111 Pac. 659; *Abel v. Blair,* 3 Okla. 399, 41 Pac. 342; *Polson v. Purcell,* 4 Okla. 93, 46 Pac. 578; *Horner v. Christy,* 4 Okla. 553, 46 Pac. 561; *Gibson v. State,* 3 Okla. Cr. 594, 107 Pac. 739.

The judge of the county court has certified, however, that the purported case-made contains a true and correct transcript of the record in said cause, and, treating the same as a transcript, we may examine such assignments of error as are predicated upon the record proper.

The first is that the court erred in giving the jury the following instruction:

"If you gentlemen believe from the evidence, beyond a rea-

sonable doubt, or if the circumstances ·are sufficiently strong as to lead you to believe, beyond a reasonable doubt, that the defendant did commit the crime of selling malt liquor to M. L. Billings, in Pittsburg county, Oklahoma, and since March 17, 1908, and prior to the 17th day of November, 1908, the day of the filing of the information herein, then it is your duty to convict; otherwise acquit."

The instructions, by statute, are made a part of the record proper in this jurisdiction (*Humphrey v. State,* 3 Okla. Cr. 504, 106 Pac. 978; *Reed v. U. S.,* 2 Okla. Cr. 652, 103 Pac. 371), and the action of the court in giving this instruction may therefore be reviewed. The objection is to thāt portion of the instruction in which the court said, "Or, if the circumstances are sufficiently strong as to lead you to believe beyond a reasonable doubt that the defendant did commit the crime * * * then it is your duty to convict." It is contended that the jury were not limited by this instruction to the circumstances in evidence, but were authorized to consider any circumstances of which they may have had private knowledge. We are far from approving the form of the instruction, but we think the jury could not but have understood that they might consider only such circumstances as were proven in determining the defendant's guilt or innocence. In instruction No. 3 the court specifically instructed the jury that, if they entertained a reasonable doubt as to whether the defendant's guilt had been proven, they should acquit; and the last instruction given was as follows:

"The court instructs the jury that a reasonable doubt is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge. The burden of the proof is upon the prosecutor. All the presumptions of law, independent of evidence, are in favor of innocence, and every person is presumed to be innocent until he is proved guilty. If, upon such proof, there is a reasonable doubt remaining, the accused is entitled to the benefit of it by an acquittal, for it is not sufficient to establish a probability, though a strong one arising from the doctrine of chances, that the fact charged is more likely to be

true than the contrary, but the evidence must establish the truth of the fact to a reasonable and moral certainty—a certainty that convinces and directs the understanding, and satisfies the reason and judgment of those who are bound to ·act conscientiously upon it. This we take to be proof beyond a reasonable doubt."

Considering the charge as a whole, we are satisfied that no person possessing the qualifications prescribed by law for jurors could have interpreted the instruction complained of as meaning anything else than that the only circumstances which they could consider against the defendant were those proved against him, and that the jury should convict him only if the positive evidence in the case or the circumstances proved established his guilt beyond a reasonable doubt.

The second instruction given was merely a copy of that portion of the statute defining the offense charged, and it is urged that the court erred in not submitting to the jury, in said instruction, the exceptions contained in the statute. It is stated in the brief that there are ways in which a person may sell, barter or give away liquor without violating the law, and that the jury were not informed as to what they were. There is no merit in the contention. If the defendant was within the exception or exceptions, which are enumerated in a different section, as we have repeatedly held, that was a matter of defense for him to raise by evidence; and as the evidence is not properly before us, there is no showing that he did so. The presumption is that the court charged the jury correctly; and we shall not presume that the defendant was a dispensary agent.

No other assignments have been. presented which may be considered upon the record proper, and the judgment of the county court is therefore affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.