## BUNK FIELDS v. STATE.

No. A-2723.   Opinion Filed September 17, 1917.

(167 Pac. 344.)

EVIDENCE—Res Gestae. Circumstances and declarations contemporaneous with the main fact under consideration, or so nearly related to it as to illustrate its character, are admissible as parts of the res gestae.

*Appeal from District Court, Delaware County;*
*John H. Pitchford, Judge.*

Bunk Fields was convicted of felonious assault, and he appeals.   Affirmed.

*James S. Davenport, W. C. Hall, G. W. Goad,* and *J. T. McIntosh,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   The plaintiff in error was convicted in the district court of Delaware county under an indictment the charging part of which is as follows:

"He, the said Bunk Fields, then and there being, did then and there willfully, unlawfully, and feloniously, with intent to do bodily harm and without justifiable or excusable cause, commit an assault upon the person of Una Fields, by then and there having and holding a certain sharp and dangerous weapon, to wit, a large knife, and by then and there with such sharp and dangerous weapon assaulting, striking, and stabbing her, the said Una Fields, contrary to," etc.

Upon his trial the jury found him guilty as charged, and fixed his punishment at imprisonment in the penitentiary for the term of two years.

From the judgment pronounced upon the verdict he appealed by filing in this court on April 29, 1916, a petition in error with case-made.

The undisputed facts of the case are as follows:

On the 21st day of January, 1915, there was a dance at the home of Jeff and Una Fields, which was attended by about a dozen of the young people of the neighborhood, among them the defendant, Bunk Fields, a brother of Jeff Fields. During the evening Bunk Fields became somewhat intoxicated and a fight started. Jeff Fields stopped the fight, and in doing so had a scuffle with the defendant. The difficulty occurred in the dooryard. Mrs. Una Fields appeared on the scene, and the defendant stabbed her in the breast with a knife, and as she turned he stabbed her in the back. She screamed: "Oh! he is killing me."

The defendant, as a witness in his own behalf, testified that several of the boys, including himself, were drinking, and that a fight started between Willie Fields, his nephew, and Bill Williams; that at that time he was very drunk; that he drew a pistol, and his brother, Jeff, took it from him; that he had no trouble with his brother, Jeff, or his wife at that time, and that he did not assault Mrs. Una Fields, or cut her with a knife; that he did not know that she had been cut until two days later.

The first error assigned is that the court erred in overruling the defendant's demurrer to the indictment. We are clearly of the opinion that the indictment is sufficient, and that the demurrer thereto was properly overruled.

It is claimed that:

The court erred "in admitting over the objection of defendant the testimony of the witness Toad Muskrat

that said defendant flourished a pistol and had a conversation with another person that night at the time the alleged crime was committed."

The witness Muskrat testified that he saw the defendant strike at Mrs. Fields. His testimony as objected to is as follows:

"Q. Now the time you speak of Jeff Fields attempting to or taking Bunk away from this difficulty, did you see a pistol there at that time? A. I did; yes, sir. Q. What became of the pistol? Who had the pistol? A. Bunk Fields had it; he had the pistol at the time the scuffle began to take place. Q. What became of it? A. Jeff got it. Q. How long after you saw this pistol taken away from Bunk was it that you saw Bunk Fields and Una together? A. It was just a short time; it was immediately."

"The defendant moves the court to withdraw from the jury the evidence of the witness Muskrat as to the defendant having a pistol, flourishing a pistol, and displaying a pistol there that night, for the reason that it is irrelevant, and does not tend to prove any issue in this case; that it proves, if anything, the commission of another crime. The motion is denied, and the defendant excepts."

We are satisfied from the whole record that the evidence objected to was competent and admissible as a part of the *res gestae,* that the objections thereto were properly overruled, and that the court did not err in denying the motion to withdraw the same from the consideration of the jury.

The evidence was claimed to be insufficient, but it fairly established the defendant's guilt and fully justified the verdict of the jury.

Finding no error in the record, the judgment of the lower court is affirmed.

ARMSTRONG and MATSON, JJ., concur.