## W. F. LLOYD v. STATE.

No. A-2477.   Opinion Filed October 12, 1918.

(175 Pac. 374.)

1. **APPEAL AND ERROR—Errors.** This court will review the record on appeal only as to errors properly preserved as provided by the statutes, or those which are reasonably calculated to deprive the accused of a substantial right, or such as may result in depriving him of a fair and impartial trial.

2. **ASSAULT AND BATTERY—Indictment and Information—Assault with Dangerous Weapon—Conviction—Charge of Court.** In a prosecution for assault with a sharp or dangerous weapon with intent to do bodily harm, the jury may find the defendant guilty of any offense the commission of which is necessarily included in that with which the defendant is charged in the information, and it is the duty of the court to submit to the jury instruction upon every degree of assault which the evidence, in any reasonable view of it, suggests.

*Appeal from District Court, Kiowa County;*
*James R. Tolbert, Judge.*

W. F. Lloyd was convicted of assault, and he appeals. Reversed.

*O. J. Logan,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, W. F. Lloyd, was convicted at the December, 1915, term of the district court of Kiowa county, on a charge of assault with a sharp and dangerous weapon with intent to do bodily harm, and his punishment fixed at 18 months' imprisonment in the state penitentiary.

The information charged W. F. Lloyd jointly with three of his sons with assaulting Luther Bryan with a knife on the 21st day of July, 1914. The evidence disclosed the fact that there had been ill feeling between the Bryan and Lloyd families for some time. On a former occasion there had been a fight in which W. F. Lloyd was injured somewhat. On the day this offense is alleged to have been committed all of the parties attended a Sunday school, held at a neighborhood schoolhouse. After the services had closed, one of the Lloyd boys asked Luther Bryan to come outside of the building, saying that he wanted to talk to him. They went out and had some conversation, and a fight ensued between the two. Another one of the Bryans joined in the fight, and one of the Lloyd boys came in also. Another one walked up to where the fight was in progress, and was standing with his song book under his arm looking on. Luther Bryan and one of the Lloyds were on the ground. The Bryan boy, apparently getting the best of the scrap, broke away from the fight, got up and seized a piece of plank three or four feet long, about one inch thick and three or four feet wide, and struck the nonoffending Lloyd boy, who was

standing by looking on the proceedings, on the head, and knocked him senseless. He fell as though he was killed. W. F. Lloyd, the father of the injured boy and of the other Lloyd boys, came on the scene about this time. Bryan ran, and W. F. Lloyd pursued him with an open knife. At the same time he called to one of his other sons to catch Bryan and kill him, saying that he had just killed his brother. After chasing Bryan some distance, W. F. Lloyd came close enough to, and did, inflict a flesh wound on Bryan's arm with a knife. The Bryans left the grounds and went to their home, and neither of the Bryans was arrested, and no effort was made to prosecute them at all. The Lloyds went home and were later arrested and brought to trial.

All the testimony in the record has been carefully considered, as well as the instructions of the court. There were no exceptions taken to any rulings of the court, and no exceptions taken to any of the instructions given. This case was apparently tried by an inexperienced attorney, who had no idea that an appeal required the preservation of a record. The record discloses the fact that a motion for continuance was filed before the trial was begun, but was not properly presented to the court for action, and no exceptions taken to the action, or failure to properly act, on it by the court. The same condition of the record appears in connection with the motion for a new trial, based on the ground of newly discovered evidence. In our judgment, it would be a miscarriage of justice to affirm the judgment as rendered. There was no felonious assault committed under the proof. The plaintiff in error should not have been punished for more than simple assault and battery, which was included in the offense charged in the information. This issue, however, was not submitted by

the court, nor was any request made by counsel that it be so submitted, and his failure so to do was prejudicial error, sufficient to entitle the plaintiff in error to a new trial. The judgment will therefore be reversed, and a new trial ordered.

Counsel who briefed this case did not appear in the trial court, and they recognize in the brief submitted that their record was not properly preserved for the presentation of the appeal.

Reversed.

DOYLE, P. J., and MATSON, J., concur.