## WILL RALSTON *et al.* v. STATE.

No. A-3070—Opinion Filed October 7, 1919.

Rehearing Denied January 12, 1920.

(185 Pac. 831.)

1. **INDICTMENT AND INFORMATION—Objection to Absence of Preliminary Examination—Time.** Objections to an information, based upon the absence of any essential preliminary proceeding, should be made by proper motion or plea, before pleading to the merits.

2. **INDICTMENT AND INFORMATION—Objection to Sufficiency—Demurrer.** Objections to the sufficiency of an information should be taken by a demurrer thereto, as provided by Code of Criminal Procedure (section 5791, Rev. Laws 1910).

   Our Code further provides: "When the objections mentioned in section 5791 appear upon the face of the indictment or information, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the indictment or information, or that the facts stated do not constitute a public offense, may be taken at the trial, under the plea of not guilty and in arrest of judgment." Section 5799.

3. **SAME—Objection to Sufficiency After Impaneling Jury.** Where the defendant enters his plea of not guilty and waits until after the jury has been impaneled and sworn, and then for the first

time questions the sufficiency of the information by objecting to the introduction of evidence on the ground of such insufficiency, the objection should be overruled, if by any reasonable construction or intendment the information can be sustained.

4. **APPEAL AND ERROR—Necessity for Exceptions—Instructions.** Errors assigned on the instructions given, where no objection was made or exception taken to the same, will not be reviewed.

5. **LARCENY—Evidence—Sufficiency.** The evidence upon the trial of an information for larceny of domestic animals considered, and conviction affirmed.

*Appeal from District Court, Creek County; Ernest B. Hughes, Judge.*

Will Ralston and John Ralston were convicted of hog theft, and they appeal. Affirmed.

*R. B. Thompson* and *Asp, Snyder, Owen & Lybrand,* for plaintiffs in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

DOYLE, P. J. Plaintiffs in error, Will and John Ralston, were tried and convicted on an information charging that—

In Creek county, on the 31st day of December, 1916, they "did unlawfully and feloniously by stealth and fraud, steal, take and carry away from and out of the possession of Margaret Fout, the owner of the following domestic animals, to wit, one sow and six pigs without the consent or knowledge of her, the said Margaret Fout, with the felonious intent of them the said Will Ralston and John Ralston to deprive the true owner thereof and with the intent to convert the same to the use of them the said Will Ralston and John Ralston, contrary to," etc.

The jury failed to agree on their punishment. The court sentenced Will Ralston to serve a term of four years and John Ralston to serve a term of three years in the penitentiary. From the judgments they appeal.

First, it is contended that the district court was without jurisdiction of the case owing to the insufficiency of the transcript of the committing magistrate. The record shows that upon arraignment the defendants entered pleas of not guilty, and made no objection until the second witness for the state was testifying, when their counsel made the following statement:

"At this time the defendants and each of them object to the testimony of this witness or any other witness on the ground that the purported transcript of the justice of the peace in this case is not sufficient to give the court jurisdiction."

The objection was overruled and exception allowed.

Objections to an information based upon the absence of any essential preliminary proceeding or irregularity in such proceeding should be made by a proper motion or plea before pleading; otherwise, it is waived. The proper practice is to raise the question before pleading by motion to set aside or to quash the information or by plea in abatement. The state can then take issue on the motion or plea, and the burden of proof is on the defendant. Even if well founded and properly stated, the objection made came too late and was properly overruled.

The next assignment is, "The information does not allege the stealing of any animals, and is therefore insufficient."

The record shows that the first and only objection made to the information was, when the first witness was testifying, counsel for the defendants stated:

"I desire at this time to object to the testimony of this witness or any other witness on account of the insufficiency of the information; that is, lack of proper description of the property alleged to have been stolen.

"The Court:   Overruled."

Objections to the sufficiency of an information should be taken by a demurrer thereto as provided by our Code of Criminal Procedure (section 5791, Rev. Laws 1910).

Our Code further provides:

"When the objections mentioned in section 5791 appear upon the face of the indictment or information, they can only be taken by a demurrer, except that the objection to the jurisdiction of the court over the subject of the indictment or information, or that the facts stated do not constitute a public offense, may be taken at the trial, under the plea of not guilty, and in arrest of judgment." Section 5799.

Under this provision, if it appears that the facts stated do not constitute a public offense, an objection to the introduction of evidence on that ground is sufficient to raise the question.   However, when the objection to an information for a defect of form, apparent on the face thereof, is raised for the first time by objection to the introduction of evidence, it comes too late, and the objection should be overruled, if the facts stated constitute a public offense.

It is apparent that, in writing the information in this case, the word "of," following the words "Margaret Fout, the owner," was inadvertently used instead of the word "thereof," or the inserting of a comma after the words "owner of" would have cured this defect.

This court has uniformly held that, when the defendant enters a plea of not guilty and waits until after the jury has been impaneled and sworn and for the first time questions the sufficiency of an information by objecting to the introduction of testimony on the ground of such

insufficiency, the objection should be overruled, if by any reasonable construction or .intendment the information can be sustained. Under this rule the information was sufficient and the objection properly overruled.

The next assignment of error is that the evidence was insufficient to justify the verdict of the jury.

The evidence shows that the owner of the hogs, a sow weighing about 250 pounds and five shoats weighing about 60 pounds each, missed them from her place on New Year's eve.

F. C. Nelson and his wife testified that they were well acquainted with the defendants and saw them that evening about three miles north of where the owner lived, driving the hogs; that the hogs belonged to Mrs. Fout, and they informed the owner, and the next morning Mr. Nelson and Mr. Fout tracked the hogs to a camp near where Mr. Nelson saw the defendants driving the hogs; that the tracks around the camp showed that the hogs had there been caught and loaded into a wagon. A horseshoe was found at the camp, and the team and wagon were tracked to the defendant John Ralston's house, about twelve miles from where the owner of the hogs lived.

The defense was an alibi, although the defendants admitted they were in that neighborhood a few days before.

It is obvious the case was one for the consideration of the jury, and the evidence of the defendants' guilt was ample to justify the verdict.

Several assignments are based on the instructions given by the court, but no exceptions appear to have been taken to the instructions of the court, and no instructions

were requested. Hence the record in this regard presents no question for review. However, we find that the charge of the court fully and fairly covered the law of the case. The record shows that the defendants had a fair and impartial trial.

The judgments appealed from are therefore affirmed.

ARMSTRONG and MATSON, JJ., concur.