## FRANK SPENCER v. STATE.

No. A-7610.   Opinion Filed Nov. 19, 1930.

(293 Pac. 278.)

See, also, 48 Okla. Cr. 340, 291 Pac. 987.

Cox & Cox, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Lincoln county of the crime of assault with a dangerous weapon, and his punishment fixed by the jury at imprisonment in the state penitentiary for a year and a day.

The Attorney General filed a motion on behalf of the state to strike the case-made and to consider the case only as upon the transcript, for the reason that the case-made was not served on the county attorney within the time allowed by the trial judge for its service. This motion was sustained by the court. This court has held that in cases of this character it will only consider assignments of error predicated upon the record proper. Cohn v. State, 4 Okla. Cr. 494, 113 Pac. 217, 219; Day v. State, 7 Okla. Cr. 276, 123 Pac. 436; Jenkins v. State, 11

Okla. Cr. 168, 145 Pac. 500; Tracy v. State, 24 Okla. Cr. 144, 216 Pac. 941.

The charging part of the information is as follows:

"That Frank Spencer, late of the county aforesaid, on the 18th day of January, in the year of our Lord, one thousand nine hundred and twenty-nine, in the county of Lincoln and state of Oklahoma, aforesaid, then and there being, did then and there willfully, unlawfully and feloniously, wrongfully, and intentionally, without justification or excusable cause made an assault in and upon one J. E. Buckner, with a certain knife being then and there a sharp instrument and weapon, and then and there in the hands of him, the said Frank Spencer, and that the said Frank Spencer did, then and there with said knife so had and held as aforesaid, strike, cut, stab, wound and injure then and there the said J. E. Buckner, in and upon the body and about the neck of him the said J. E. Buckner, with the unlawful, wrongful and felonious intent then and there on the part of him the said Frank Spencer to do great bodily harm and injury to him the said J. E. Buckner."

The defendant demurred to this information. The grounds of the demurrer are:

"1. That said information does not state facts sufficient to charge the crime of assault with a dangerous weapon against said defendant.

"2. That said information does not state facts sufficient to charge a felony under the laws of the state of Oklahoma.

"3. That said information is duplicitous in form and does not with reasonable certainty inform a person of common understanding of the charge against him."

The charging part of this information is copied practically verbatim from the information in the case of Cot-

ton v. State, 22 Okla. Cr. 252, 210 Pac. 739, wherein the court held a similar information to be sufficient.

While the information in the case at bar is not a model one, it was sufficient to charge the defendant with assault with a dangerous weapon and was not duplicitous.

Defendant complains of numerous other errors, but they do not appear upon the record and cannot therefore be considered by this court.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.