FRANKIE REARDON v. STATE.

No. A-7951. Opinion Filed Aug. 8, 1931.
(2 Pac. [2d] 100.)

Rice & Mitchell, and Williams & Cowan, for plaintiff in error.

J. Berry King, Atty. Gen., and Ed Crossland, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of McClain county of assault with a dangerous weapon with intent to do bodily harm and his punishment fixed at one year and one day in the penitentiary.

The record discloses that at the time charged, defendant was about 22 years of age. Otis Reed, the person assaulted, was about 40 years of age and was the publisher of a newspaper at Blanchard. Defendant took umbrage at an item which had appeared in the paper and apparently was looking for Reed and, when he met him on the street, asked him about the article; not being satisfied with Reed's answer, he knocked him to the sidewalk and struck him several other blows, from which Reed became unconscious and did not recover consciousness for some two weeks. As a result of the blows, Reed's jaw was broken, two teeth were knocked out, and he was bleeding at the mouth and nose. The state's theory is that the blows were struck with metal knucks. Defendant denies that he used knucks; he testified that at the time he questioned Reed, that Reed drew a knife from his pocket, struck him and attempted to open the knife, and that he acted in his necessary self-defense. No witness testified positively that defendant had knucks, but upon this point the testimony in substance is that he had some bright metal object in his right hand about the size of an object exhibited, which the record does not identify, but from the context must have been knucks. The item appearing in the newspaper was offered in evidence but was excluded on the state's objection. It does not mention defendant by name.

The first contention is that the evidence is insufficient to sustain the judgment, particularly for the reason that the testimony of the use of knucks is not positive. The difficulty occurred at about dark, and under the circumstances, a particular description of knucks in the hands of defendant is not to be expected. The testimony presented a clear-cut question of fact which the jury by their verdict have found against defendant. There is ample evidence to sustain their finding. Moore v. State, 4 Okla. Cr. 213, 111 Pac. 822.

It is next argued that special counsel for the state was guilty of misconduct in laying on the counsel table in the presence of the jury metal knucks which had not been introduced in evidence. On objection being made, it was promptly sustained by the court. Metal knucks had been referred to during the course of the trial and had evidently been presented for the inspection of the witnesses during the trial. Admitting the laying of the knucks on the table in the presence of the jury was error, surely a jury is not so easily swayed as to have been influenced by this fact.

Some complaint is also made that the proof does not show that the weapon used was a dangerous weapon within the meaning of the statute, section 1764, Comp. St. 1921. Metal knucks used in the manner shown by the evidence of the state are per se a dangerous weapon. Bourbonnais v. State, 7 Okla. Cr. 717, 122 Pac. 1131; Fabry v. State, 23 Okla. Cr. 215, 213 Pac. 910. No reason why this court should interfere with the judgment of the lower court is made to appear.

The case is affirmed.

CHAPPELL, J., concurs. DAVENPORT, P. J., absent, not participating.