## HENRY BRUNER v. STATE.

No. A-9615.   May 23, 1940.)
(102 P. 2d 945.)

James M. Hays, Jr., of Okmulgee, for plaintiff in error.

Mac. Q. Williamson, Atty. Gen., for the State.

DOYLE, P. J.   The plaintiff in error, Henry Bruner, was convicted  in the district court of Okmulgee county on a charge of assault with a sharp and dangerous weapon, with intent to do bodily harm, and his punishment fixed at five years imprisonment in the state penitentiary. From the judgment rendered on September 28, 1938, in pursuance of the verdict, he appealed by filing petition in error and case-made in this court on March 28, 1939; the date of filing stamped thereon was March 29, 1939. On January 10, 1940, the appeal was dismissed, because the time for filing the appeal expired the day before the petition in error with case-made was filed with the clerk of the court. Petition for rehearing was filed February 2nd, on the ground "that the clerk of this court had committed a mistake in marking the petition in error and case-made as filed March 29, when the true fact of said filing was March 28", which fact was undisputed.  The petition for rehearing was granted and the opinion dismissing the appeal was recalled.

The information jointly charged Henry Bruner and Hattie Hoover with the crime of felonious assault, in that in said county, acting together on the 18th day of July, 1938, they did feloniously, without justifiable or excusable cause, make an assault upon the person of one Weltha Henderson with a sharp and dangerous weapon, to wit, a knife, which the said Henry Bruner had and held in his hands, and a beer bottle which the said Hattie Hoover had and held in her hands, and they, the said defendants, did then and there unlawfully, willfully and feloniously strike, hit, cut and stab and wound her, the said Weltha Henderson, with a felonious intent to do bodily harm to the said Weltha Henderson.

The errors assigned are that the court erred in overruling the defendant's demurrer to the information, and that the court erred in admitting incompetent, irrelevant and immaterial evidence over the objections of the defendant.

The undisputed facts are that on the night of the day alleged, there was a colored people's dance at Douglas Park, in Okmulgee; between 1 and 2 o'clock in the morning, Hattie Hoover assaulted and kicked the complaining witness. They left the dance and met at Henry's Bar, across the street from the Frisco Depot.

The complaining witness testified:

"I walked up to the bar and got a bottle of pop, Henry walked up, Hattie Hoover put her arms around him, and he said, 'Anything you want to start babe, I am with you.' Hattie Hoover said, "I kicked her out at the dance, and that is not all I am going to do,' and she struck me with a beer bottle. Henry had a pocket knife and he stabbed me three times with it, the main one in my back. They were both fighting me at the same time."

Dr. Guess testified that he dressed the wounds of the complaining witness; the worst wound was three-fourths of an inch long, near the middle of the back, and there were one or two other small cuts.

Seven or eight witnesses called by the state testified that they witnessed the altercation and saw the plaintiff in error strike the girl, Weltha, with a pocket knife.

Peoria Sneed testified that Weltha was drinking a bottle of pop and Hattie walked up and started arguing and Henry walked over and cut at her three times, and the last time he stabbed her in the back, and she screamed and said "Henry stabbed me."

The defendant, as a witness in his own behalf, testified:

"I was down in the Blue Room and decided to get a sandwich, as I go out Hattie and Weltha were also on their way out, so we all walked up to the counter and I ordered a sandwich and asked if they wanted one. Hattie accepted. They were conversing and Weltha attempted to renew the argument they had at Douglas Park. While we were waiting for the sandwich Weltha again starts checking at Hattie; she said she did not like it because Hattie kicked her at the dance. Hattie held a bottle and also had a knife in one hand, I didn't take part in the fight, I did not have a knife. Hattie was between me and Weltha all the time, I heard Weltha scream that she was cut, but I don't know who cut her."

On cross-examination he admitted that he was convicted of burglary in this court and had served a term in the Granite penitentiary.

No briefs have been filed in support of the errors assigned, and there was no appearance made for oral argument when the case was assigned for hearing and final submission.

In cases of this kind, where no briefs are filed, or oral argument made, we do not consider it the duty of this court to go into a careful examination of the evidence to determine whether or not the trial court erred in the admission or rejection of testimony. The defendant's demurrer to the information was properly overruled. An examination of the record discloses no jurisdictional or fundamental errors. The instructions given by the court, to which no objection was made or exception taken, fully and correctly present the law of the case, and the evidence overwhelmingly sustains the conviction.

It appearing that the defendant was accorded a fair and impartial trial and was properly convicted, the judgment appealed from should be affirmed. It is so ordered.

BAREFOOT and JONES, JJ., concur.