JIMMY FRENCH v. STATE.

No. A-9867.   Oct. 29, 1941.

(118 P. 2d 664).

W. Shearer Brown, of Muskogee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Jimmy French, was charged by information in the district court of Muskogee county, on September 18, 1939, with assault with a sharp or dangerous weapon, was tried and convicted; but the jury was unable to agree on the punishment, and the court thereupon sentenced him to serve 15 months in the State Penitentiary; and he appeals to this court.

Counsel for defendant contends that the court erred in overruling defendant's demurrer to the information, that the evidence is insufficient to support the conviction, and that the punishment imposed is excessive.

The charging part of the information is as follows:

"* * * That Jimmy French did, in Muskogee county, and in the State of Oklahoma, on or about the 19th day of August, 1939, and anterior to the presentment hereof commit the crime of 'Assault with a Dangerous Weapon' in the manner and form as follows, to wit: That the said Jimmy French did then and there knowingly, willfully, wrongfully, unlawfully, intentionally and feloniously without justification or excusable cause make an assault in and upon one Marlin M. Meyer with a certain knife, said knife being then and there a dangerous and sharp instrument and weapon, and then and there had and held in the hands of him, the said Jimmy French, and that the said Jimmy French did then and there with said knife so had and held as aforesaid, strike, cut, stab, wound and injure then and there the said Marlin M. Meyer, with the unlawful, wrongful and felonious intent then and there on the part of the said Jimmy French to do bodily harm and injury to the said Marlin M. Meyer * * *."

The authorities cited by counsel for defendant in connection with his first assignment of error involved cases filed under section 1873, O.S.1931, 21 Okla.St. Ann. § 652, which, among other things, makes it a felony for any person to commit any assault and battery upon another by means of any deadly weapon. In a charge filed

under that statute, we have held that when the weapon charged to have been used is not a deadly weapon per se, a sufficient description of such instrument, the manner in which it was used, and the effect produced by the use thereof should be set forth. An ordinary pocket knife is not per se a deadly weapon. See Ponkilla v. State, 69 Okla.Cr. 31, 99 P.2d 910; Moody v. State, 11 Okla.Cr. 471, 148 P. 1055.

However, where an information is filed under section 1870, O.S.1931, 21 Okla. St. Ann. § 645, which is the statute involved in the action herein, this court has uniformly held that informations, such as the one set forth herein, are sufficient to advise the defendant of the nature of the charge against him and to enable him to prepare his defense thereto, and that a demurrer to such information is properly overruled. Bruner v. State, 69 Okla. Cr. 317, 102 P.2d 945; Spencer v. State, 49 Okla.Cr. 208, 293 P. 278; Fields v. State, 13 Okla.Cr. 731, 167 P. 344.

The state introduced testimony to the effect that the prosecuting witness, Marlin M. Meyer, had a date with Doris Brooks on the 19th of August, 1939. Amy Ervin accompanied Meyer and his date to the Manhattan Club, where they stayed for several hours. Sometime about midnight, Doris Brooks and the prosecuting witness decided to go home, but they were unable to find Amy Ervin. They went outside and called to her. She answered from behind the club, where it was dark. Meyer told her that they were ready to go home. She said for them to wait a minute; and the defendant, who was with her, stated, "She is not ready to go." Prosecuting witness said, "Come on, Amy. We have got to go home." The defendant made the alleged assault upon Meyer at that time. There was a scuffle. Meyer had a cut over the left ear, on the right temple, and on the left middle finger. He was taken to

the kitchen of the club for first aid, and then to the hospital. The bleeding had stopped before the doctor treated him.

Meyer stated that defendant struck him with an object that looked like a knife.

Amy Ervin testified that she and the defendant had been keeping company for several months. Her testimony about what happened when Meyer came to where she and the defendant were sitting is substantially the same as that related by Meyer. She further said that she saw the defendant draw a knife on Meyer, but did not see him open it because he put his hands behind him. That she and defendant left after the difficulty and drove to Wagoner; that she saw the defendant throw the knife that he had used in the fight away, while they were in Wagoner.

Doris Brooks testified concerning the fight, but did not see the knife.

Harley Ellis, operator of the Manhattan Club, saw something flash in the defendant's hand, but was not positive it was a knife.

Dr. John R. Rafter, who treated defendant after the fight, stated that he took four stitches over the left ear, one in the right temple, and one on the left middle finger. The cut on the left ear could have been caused by a blunt instrument, but the other two were caused by a sharp instrument.

The defendant did not testify, and the evidence offered in his behalf was of little consequence.

We think the evidence is sufficient to sustain the conviction, since it was believed by the jury. The state has shown that defendant had a knife at the time of the scuffle; that prosecuting witness was struck in the dark by defendant, and sustained injuries which were made by

a sharp instrument. There is no merit to the contention, under these circumstances, that the evidence is insufficient because the knife was not particularly described.

In the case of Reardon v. State, 51 Okla. Cr. 432, 2 P.2d 100, 101, it is stated:

"The first contention is that the evidence is insufficient to sustain the judgment, particularly for the reason that the testimony of the use of knucks is not positive. The difficulty occurred at about dark, and under the circumstances, a particular description of knucks in the hands of defendant is not to be expected. The testimony presented a clear-cut question of fact which the jury by their verdict have found against defendant."

The jury, after a consideration of the facts, returned a verdict of guilty, but left the punishment to the court, who sentenced the defendant to 15 months in the State Penitentiary.

Counsel for defendant was appointed by the district court of Muskogee county, and he has done an able job in presenting this case for the defendant.

It is urged that, under the circumstances, the punishment imposed is excessive. Ordinarily, this court will not interfere with the punishment imposed by a trial court where the defendant has not taken the witness stand in his own behalf. When the defendant does not testify, this court is not advised as to whether he has been formerly convicted of a crime; and for that reason, we hesitate to interfere with the punishment imposed by the trial court, who might be in possession of more facts concerning the defendant than might appear in the record before us.

However, after considering all of the facts and circumstances in connection with this affray, we have come to the conclusion that the punishment imposed is excessive

and should be reduced to one year in the State Penitentiary.

It is therefore ordered that the judgment of the district court of Muskogee county is modified by reducing the sentence imposed upon the defendant from 15 months in the State Penitentiary to a term of 12 months in the State Penitentiary; and the judgment, as thus modified, is affirmed.

BAREFOOT, P. J., and DOYLE, J., concur.