## WOODWARD JOHNSON v. STATE.

No. A-9930.   Feb. 4, 1942.
(122 P. 2d 173.)

Joe S. Eaton, of Okmulgee, for defendant.

Mac Q. Williamson, Atty. Gen., and Guy A. Curry, Co. Atty., of Stigler, for the State.

BAREFOOT, P. J. Defendant, Woodward Johnson, was charged in the district court of Haskell county with the crime of assault with a deadly and dangerous weapon, to wit: "a certain knife," was tried, convicted and sentenced to serve a term of two years in the penitentiary, and has appealed.

The appeal in this case was filed in this court on the 10th day of September, 1940. No brief has been filed by defendant nor was anyone present to orally argue the same when it was set for submission on the 24th day of April, 1941. Under the rules of this court, where no brief has been filed or oral argument made, this court will consider the record, and if it appears that no prejudicial error has been committed, the case will be affirmed. Rule 9 is as follows:

"When no counsel appears and no briefs are filed, the court will examine the pleadings, the instructions of the court, and the exceptions taken thereto, and the judgment and sentence, and if no prejudicial error appears, will affirm the judgment."

The record in this case reveals that defendant was convicted of an assault upon the person of Andrew Garrett with a knife. That he was cut and stabbed in four different places on his body. The evidence amply justified the sentence. The offense occurred on the 25th day of June, 1935. The defendant immediately left the state and was not apprehended until the 19th day of February, 1940, and tried on the 21st day of March, 1940. Defendant had been in the states of New Mexico, Arizona and Arkansas before returning to Oklahoma. He testified to having served a year in the penitentiary for the crime of burglary.

The statute upon which this charge is based is Oklahoma Statutes 1931, section 1870, O. S. A. Title 21, § 645, which is as follows:

"Every person who, with intent to do bodily harm, and without justifiable or excusable cause commits any assault upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots or attempts to shoot at another, with any kind of firearm or air gun or other means whatever, with intent to injure any person, although without intent to kill such person or to commit any felony, is punishable by imprisonment in the penitentiary not exceeding five years, or by imprisonment in a county jail not exceeding one year."

See Ponkilla v. State, 69 Okla. Cr. 31, 99 P. 2d 910; French v. State, 73 Okla. Cr. 141, 118 P. 2d 664.

From an examination of the record we find that the defendant has been given a fair and impartial trial, and are of the opinion that the judgment and sentence of the district court of Haskell county should be affirmed.

JONES and DOYLE, JJ., concur.