William Boyd SYKES, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12452.

Criminal Court of Appeals of Oklahoma.

Nov. 27, 1957.

Ralph A. Myers, Jr., El Reno, for. plaintiff in error.

Roy M. Faubion, County Atty., Canadian County, El Reno, for defendant in error.

NIX, Judge.

The plaintiff in error, William Boyd Sykes, was convicted of the crime of unlawful possession of intoxicating liquor and his punishment was fixed at imprisonment in the county jail of Canadian County for a term of 90 days and a fine of $250. . No briefs were filed in this case. Motion for new trial filed and overruled and exceptions saved. From the judgment and sentence, the defendant has appealed to this court.

The evidence offered by the state tended to prove these facts: That on the afternoon of the day named in the information, T. D. Hale, Deputy Sheriff, and H. L. Penwell, Undersheriff, went to the premises of one William Boyd Sykes, were equipped with a search warrant, thereby making a search of said premises. In making the search, they found intoxicating liquor in the cabinet under the kitchen sink. They put the liquor in a sack, took it to El Reno and put it in the vault.

Defendant's petition in error was filed in this court on March 21, 1957. Said cause was set for oral argument on the 26th

day of June, 1957. No appearance was made for defendant and no brief has been filed. It has been held by this court in numerous cases "when no counsel appears and no briefs are filed, the Court will examine the pleadings, the instructions of the court, and the exception taken thereto, and the judgment and sentence, and if no prejudicial error appears, will affirm the judgement." Johnson v. State, 73 Okl.Cr. 422, 122 P.2d 173.

The record reveals during the state's evidence in chief the state asked Undersheriff Penwell the following question:

"Q. By virtue of your observance since you have been undersheriff concerning Mr. Sykes residence out there, do you have the knowledge of what goes on or happenings that occur out there? A. Yes.

"Q. Give this jury the benefit of what you know and what you have observed during that time. A. Well I have observed that there has been quite a bit of traffic in and out of there—that was about my third time I had been out there on raids."

To this the defendant's counsel objected and moved for a mistrial. The trial court overruled the objection and defendant saved his exceptions. The answer of Officer Penwell was wholly incompetent and served no purpose in the case except to prejudice the defendant in the eyes of the jury. It was the duty of the trial judge to sustain an objection to the answer and admonish the jury not to consider the same; this he failed to do. This testimony could serve no legitimate purpose and would inevitably be prejudicial to the defendant in the eyes of the jury. No doubt the county attorney was attempting to prove the reputation of the defendant's premises, but at the time of the answer by officer Penwell as to previous raids, no proper predicate had been laid as to defendant's residence being a place of public resort and even though it had been, evidence of other raids would not be competent as to prove reputation.

The record reflects no other error of a fundamental nature, but as a result of this incompetent and prejudicial statement by Officer Penwell, the judgment and sentence of the county court of Canadian County is modified from a fine of $250 and 90 days in the county jail to a fine of $150 and 45 days in the county jail and thus affirmed.

BRETT, P. J., and POWELL, J., concur.