Theodore THARPE, Jr., Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12964.

Court of Criminal Appeals of Oklahoma.

March 1, 1961.

Paul R. Haunstein, Enid, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

On the 17th day of March, 1960, plaintiff in error, Theodore Tharpe, Jr., here-

after referred to as defendant, an airman stationed at Vance Air Force Base, Enid, Oklahoma, visited Elmer's Grill at 511 South Third Street in Enid. While in this restaurant he met Billie Jo Wilson who testified at the trial that on this occasion Tharpe came up behind her and struck her on the posterior, and that she indicated her displeasure at being so struck. Thereafter, an altercation occurred and Tharpe was struck over the head with a glass bottle by one of the patrons. It is not entirely clear from the evidence who Tharpe's assailant was, but there is some evidence that the prosecutrix, Billie Jo Wilson, wielded the bottle.

Thereafter, according to the testimony of several witnesses, the prosecutrix turned and walked away from the defendant, and he produced a knife and struck her, inflicting a three inch laceration just above her ear. The prosecutrix was then taken to the hospital and Tharpe returned to Vance Air Force Base.

On the 18th day of March, 1960, a charge of assault with a dangerous weapon was filed against Tharpe and a warrant issued for his arrest. Deputy Sheriffs McFaddin and Porter went to the Air Force Base, where they talked with Technical Sergeant Charles J. McNatt, who then called Tharpe to his office. The defendant was not advised of his constitutional rights but was asked what had happened. He replied that his girl friend had struck him with a bottle and that he had lost his head and cut her with his knife. When asked about the weapon used, Tharpe went to his locker and produced a black mechanic's knife with two blades one and three-fourths inches long and one blade two and three-eighths inches long.

The defendant was charged by information as follows:

"On or about the 17th day of March, A.D. 1960, in said County of Garfield, State of Oklahoma, one Theodore Tharpe, Jr., did then and there unlawfully, willfully and feloniously commit assault and battery upon the person of another, to wit: Billie Jo Wilson, with a sharp instrument, to wit: a knife, then and there cutting the said Billie Jo Wilson and inflicting great and serious bodily injury upon the person of Billie Jo Wilson without justification or excusable cause, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Oklahoma."

The defendant did not demur to the information, but after the jury was empaneled and sworn and opening statement made, counsel for defendant objected to the introduction of evidence for the reason that "the court is without jurisdiction here to determine this case, in that the same charges only a misdemeanor, of Assault and Battery." Said objection was overruled and the evidence was offered and submitted to the jury, who returned a verdict of guilty of the crime of assault with a dangerous weapon and assessed punishment at one year in the State Penitentiary. Motion for a New Trial was overruled, and a timely appeal was lodged in this court.

The first contention of defendant is that the information charged merely an assault and battery. If the defendant had any question as to whether he was about to be tried for an assault with a dangerous weapon or for a mere assault and battery, he should have raised the objection by demurrer to the information before announcing ready for trial; otherwise the objection was waived. Cotton v. State, 22 Okl.Cr. 252, 210 P. 739.

In White v. State, 4 Okl.Cr. 143, 111 P. 1010, this court set forth the rule that where the defendant enters his plea of not guilty and waits until the jury has been empaneled and sworn, and then for the first time questions the sufficiency of the information by objecting to the introduction of evidence on the ground of such insufficiency, the objection should be overruled if by any reasonable construction or intendment the information can be sustained. See also Edwards v. State, 5 Okl.Cr. 20, 113 P. 214;

McDaniel v. State, 8 Okl.Cr. 209, 127 P. 358; Wilsford v. State, 8 Okl.Cr. 535, 129 P. 80; Clark v. State, 11 Okl.Cr. 494, 148 P. 676; Ralston v. State, 16 Okl.Cr. 634, 185 P. 831; Jennings v. State, 92 Okl.Cr. 347, 223 P.2d 562.

In the light of the rule set forth in the cases above cited, had there been any minor defects in the information, counsel for defendant would have been deemed to have waived said defects by the manner in which he raised his objection.

■ An information is sufficient which states the offense clearly and distinctly in ordinary and concise language, without repetition, in such manner as to enable a person of common understanding to know what is intended. Bruner v. State, 69 Okl. Cr. 317, 102 P.2d 945. In Cotton v. State, supra, this court held an information sufficient which alleged that the defendant did:

"* * * commit an assault in and upon the person of one Dan Lee with a certain sharp and dangerous weapon, to wit; a certain knife which he, the said Tom Cotton, then and there had and held in his hand, and he, the said Tom Cotton, did then and there assault, strike, beat, bruise, wound, cut, and otherwise illtreat him * * *".

Other Oklahoma decisions holding informations substantially the same as the one in the instant case to be sufficient are: Bruner v. State, supra; Fields v. State, 13 Okl.Cr. 731, 167 P. 344; Spencer v. State, 49 Okl. Cr. 208, 293 P. 278; and French v. State, 73 Okl.Cr. 141, 118 P.2d 664.

■ Under the authorities above cited, it is clear that the information in this case was sufficient to apprise the defendant that he was charged with the crime of assault with a dangerous weapon, and that the same is a felony under the provisions of 21 O.S. Supp. § 645, which reads as follows:

"Every person who, with intent to do bodily harm, and without justifiable or excusable cause commits any assault and battery upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots or attempts to shoot at another, with any kind of firearm or air gun or other means whatever, with intent to injure any person, although without intent to kill such person or to commit any felony, is punishable by imprisonment in the penitentiary not exceeding five (5) years, or by imprisonment in a county jail not exceeding one (1) year."

■ Defendant further contends that his rights were violated when he was arrested, in that he was not advised of his constitutional rights before making certain statements and doing certain acts evidence of which were admitted at the trial. The law in Oklahoma does not condition admissibility of statements by a defendant upon his being advised of his constitutional rights. In Mays v. State, 19 Okl.Cr. 102, 197 P. 1064, this court held that the fact that a defendant was under arrest and in jail, and was not advised that any statement made by him might be used against him, will not affect the admissibility of any voluntary statement made by him which would otherwise be competent. See also Nance v. State, 41 Okl.Cr. 379, 273 P. 369; Prather v. State, 76 Okl.Cr. 385, 137 P.2d 249; Schrack v. State, 84 Okl.Cr. 260, 181 P.2d 270. In the instant case, the defendant was under arrest, but was not in jail, and the defendant does not contend that his statements were other than voluntary. Under the rule established by the above-cited cases, the trial court did not err in admitting the statements and evidence complained of.

■ It is next contended that the instruction of the court on the crime of assault and battery as a lesser and included offense was erroneous. The Court of Criminal Appeals held in Lloyd v. State, 15 Okl. Cr. 130, 175 P. 374, that in a prosecution for assault with a sharp and dangerous weapon with the intent to do bodily harm, it is the duty of the court to submit to the jury instructions upon every degree of assault which the evidence, in any reasonable view of it, suggests. Plaintiff in error

**236**

states in his brief that the evidence at the trial sustained an assault and battery. Therefore, not only was this instruction proper, but under the above ruling it was the duty of the court to give such instruction.

Defendant further complains of the evidence as being unsatisfactory. This court has uniformly held that a jury's verdict upon disputed questions of fact will not be disturbed on appeal where there is any competent evidence in the record reasonably tending to support the same. Mills v. State, 73 Okl.Cr. 98, 118 P.2d 259. We have carefully examined the record in this case and find competent evidence which, if believed, would reasonably support the jury's verdict.

For the reasons above set forth, the judgment is affirmed.

NIX, P. J., and BRETT, J., concur.