**Wilma Di Bello GIDDENS, Petitioner,**

**v.**

**DISTRICT COURT OF OKLAHOMA COUNTY, State of Oklahoma and Honorable Clarence Mills, Judge, Respondents.**

**No. A–14200.**

Court of Criminal Appeals of Oklahoma.

March 8, 1967.

Berry & Berry, Oklahoma City, for petitioner.

Curtis P. Harris, Dist. Atty., James R. McKinney, Asst. Dist. Atty., Oklahoma County, for respondents.

PER CURIAM:

On the 8th day of April, 1966, Wilma Di Bello Giddens was arrested in connection with the homicide of her husband, Clifford Giddens. Thereafter, on the 9th day of April, 1966, she was arraigned before Wendell Foster, one of the Justices

of the Peace in and for Oklahoma County, Oklahoma, and advised that murder charges would be filed against her. Judge Foster, acting as magistrate, tentatively set the date for preliminary hearing for the 13th day of April, 1966. Accompanying Mrs. Giddens on the 9th day of April, 1966, was her attorney, Herbert K. Hyde, Jr. On the 11th day of April, 1966, the County Attorney filed a preliminary complaint before the Honorable Wendell Foster. Thereafter, on the 13th day of April, 1966, a preliminary hearing was conducted on said charge and the defendant below, petitioner herein, Wilma Di Bello Giddens, was bound over to the District Court. Thereafter, on the 16th day of January, 1967, both parties having announced ready for trial, a jury was duly empanelled and at the conclusion of the evidence the jury found the defendant guilty of the included offense of Manslaughter in the First Degree, and left the punishment to be assessed by the Court. Thereafter, a Motion in Arrest of Judgment was filed on behalf of Wilma Di Bello Giddens, and on the 6th day of February, 1967, hearing was held thereon, and at the conclusion of the evidence, the Honorable Clarence Mills, one of the District Judges of the 7th Judicial District, overruled said Motion and petitioner filed an application in this Court praying that the Court assume jurisdiction and issue an order prohibiting the Respondent, Honorable Clarence Mills, from proceeding to pronounce judgment and sentence against her.

This matter was set for oral argument on the 9th day of February, 1967, and at the conclusion of said argument, was submitted subject to the filing of additional briefs on behalf of the respective parties.

The petitioner urges that this Court should assume jurisdiction and grant the relief prayed for, for the reason that when Wilma Di Bello Giddens appeared before the Honorable Wendell Foster on the 9th day of April, 1966, and was informed that murder charges would be filed against her,

there was no formal preliminary complaint filed in his court. The petitioner further urges that although a formal preliminary complaint was filed on the 11th day of April, 1966, she was never arraigned on said peliminary complaint and that, therefore, the Honorable Wendell Foster never assumed jurisdiction to bind her over to the District Court and that since said Justice of the Peace lacked jurisdiction to bind her over to the District Court, the District Court did not acquire jurisdiction to try her and is without jurisdiction to pronounce judgment and sentence against her. With this contention we do not agree.

In the instant case Wilma Di Bello Giddens appeared in the District Court and entered a plea on the merits to the information filed therein and proceeded to trial without filing a motion to quash said information or plea in abatement. In Application of Igo, Okl.Cr., 331 P.2d 969, the following language appears:

"It has many times been held that objections to an information based on the absence of any essential preliminary proceeding should be made by motion to quash or by plea in abatement before pleading to the merits. Ralston v. State, 16 Okl.Cr. 634, 185 P. 831. In fact, the foregoing rule applies to any irregularities in the preliminary proceedings. Ingram v. State, 87 Okl.Cr. 223, 196 P.2d 534."

It appearing that the trial court had jurisdiction of the person and subject matter and that no timely motion to quash or plea in abatement were filed, we are of the opinion that the trial court has jurisdiction and authority under law to pronounce judgment and sentence on the jury's verdict.

The Order heretofore entered temporarily prohibiting the Honorable Clarence Mills from pronouncing judgment and sentence is hereby dissolved, and the relief prayed for is denied. Writ denied.