Theodore Roosevelt MORRIS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15378.

Court of Criminal Appeals of Oklahoma.

Oct. 13, 1971.

William H. Lewis, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

### DECISION AND OPINION

BRETT, Judge.

Plaintiff in Error, Theodore Roosevelt Morris, hereafter referred to as defendant, was convicted in the District Court of Oklahoma County for the offense of Assault and Battery with a Dangerous Weapon with Intent to do Great Bodily Injury. He was tried by a jury which found him guilty and assessed his punishment at three years imprisonment; and from that judgment and sentence this appeal was perfected.

■ The facts revealed by the record show that the act for which defendant was convicted resulted from a "drunken" fight between several negro men. During the progress of the fight Nathaniel Carrethers was cut with a knife. When Carrethers testified, he related that he thought the defendant cut him, but he would not state such with certainty. Other witnesses who were present at the altercation testified that the defendant committed the act. From the record it is difficult to ascertain with certainty—in some instances—to whom the witness makes reference because the printed record indicates testimony such as, "that man yonder," and on other occasions as, "that man," so we must consider that the jury having heard the testimony and viewed the witnesses possessed sufficient knowledge to understand to whom the witness was referring. Nonetheless the record is sufficient to reveal that Carrethers was cut by a knife; and that he later attempted to drop the charges against the defendant and that it was also shown that at the time defendant surrendered himself to the police officer, the officer removed a knife from his person; but it is not shown what kind of knife was removed. Defendant denied such fact, but later admitted he had a regular pocket knife. Nonetheless, the jury chose to believe otherwise. There was considerable conflict in the evidence presented, but such conflict is resolved by the jury. This Court provided in Hudson v. State, Okl.Cr., 399 P.2d 296 (1965):

> The jury is the exclusive judge of the weight of the evidence and credit to be given to the witnesses. Where there is a direct conflict in the evidence, or it is such that different inferences may be properly drawn from it, the jury's determination will not be interfered with upon the ground that the evidence is insufficient to sustain a conviction, where there is competent evidence in the record from which the jury might reasonably conclude that the defendant is guilty.

We therefore conclude that the trial court properly overruled defendant's demurrer to the evidence, which is the basis for the first proposition argued in his brief.

■ Defendant next complains concerning the prosecutor's remark with reference to defendant's former conviction. That defendant was not charged with a "former conviction," and asserts that the Court should have sustained his motion for mistrial. The record clearly shows that defendant admitted on cross-examination that he had been convicted on a forgery charge in 1963, so we believe the prosecutor was entitled to comment on that conviction, and therefore, do not accept his complaint as asserted in his brief. See: Kennedy v. State, Okl.Cr., 443 P.2d 127 (1968).

■ While defense counsel did not offer any requested instruction, the record does reflect that he orally moved for the Court to instruct the jury on the lesser included offenses of assault and battery, which motion was denied. We observe in Tharpe v. State, Okl.Cr., 358 P.2d 232, at page 235 (1961), the following:

> The Court of Criminal Appeals held in Lloyd v. State, 15 Okl.Cr. 130, 175 P. 374, that in a prosecution for assault with a sharp and dangerous weapon with the intent to do bodily harm, it is the duty of the court to submit to the jury instructions upon every degree of assault which the evidence, in any reasonable view of it, suggests.

As we review the record, it is apparent that the jury should have been instructed on the lesser included offenses of assault and battery; and while such is not sufficient to warrant a reversal under the facts

herein presented, such error is sufficient to modify the sentence imposed.

 Defendant's trial was conducted in a two-stage proceeding only because of the provisions of Title 57 O.S.Supp. 1969, § 138, which provided for the instruction on "Good Time Credits." This Court held in Williams v. State, Okl.Cr., 461 P.2d 997 (1969), that the giving of such instruction constituted error sufficient to warrant modification.

We are, therefore, of the opinion that the sentence imposed upon defendant in District Court of Oklahoma County case number CRF–69–226, is excessive; and that the same should be modified for the reasons herein stated, as well as upon the facts proved at the trial. It is, therefore, ordered that the sentence of three (3) years imprisonment herein imposed upon this defendant shall be modified to six (6) months confinement in the County Jail, and court costs; and as modified, the judgment and sentence is affirmed.

Judgment and sentence modified and affirmed.

BUSSEY, P. J., concurs.