**Terry MILLER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–334.**

Court of Criminal Appeals of Oklahoma.

March 12, 1982.

Rehearing Denied April 14, 1982.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Criminal Appellate Division, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Terry Miller, hereinafter referred to as the defendant, was convicted of Rape in the First Degree, in violation of 21 O.S.1971, § 1114, and Burglary in the First Degree, in violation of 21 O.S.1971, § 1431, in the District Court of Pittsburg County, Case No. F-79-43. The jury returned a verdict of guilty and set punishment at ten (10) years respectively for each crime, and the defendant appeals.

The evidence established that between 5:30 and 6:00 p.m., on February 7, 1979, Terry Miller and Eddie Farrel entered into the victim's house in Krebs, Oklahoma. The State called the victim, 80 year old Ms. P.D., as its first witness, who testified that the two men took her into the kitchen, undressed her and demanded $2,000.00 in cash. When she told the men that she only had twenty dollars, they threatened to stab her. She further testified that one of the intruders, whom she identified as the defendant, took her into the den and raped her, while the other proceeded to search for more money. After they left, Ms. P.D. reported the incident to her neighbor.

Later in February, the defendant was arrested for an unrelated incident in Muskogee, Oklahoma. Officer Simmons testified that after the arrest he and an O.S.B.I. agent questioned the defendant about the February 7th incident in Krebs. This questioning took place on two different days. During the first questioning, the defendant admitted the burglary, but denied having sexual intercourse. Officer Simmons testified that at one point he simplified the meaning of "sexual intercourse" to a term the defendant could more readily understand. After this simplification, the defendant confessed to the rape. The officer also testified that no threats or promises had been made to the defendant, that the defendant had been read his *Miranda* rights on three separate occasions, and that the defendant signed a Waiver of Rights Form.

The defendant took the stand and admitted that he entered the house at "dusky

dark," and robbed the old lady; however, he denied that his confession was voluntary and that he had raped her. He testified that he admitted the rape in the third interview only because he was tired and had been offered probation if he confessed.

## I.

In his first assignment of error, the defendant asserts that the State failed to prove the crime of Burglary in the First Degree because it failed to introduce sufficient evidence to establish the nighttime element. We note from the record that there was conflicting testimony as to the exact time of day the incident took place. The victim and a neighbor testified the incident occurred between 5:30 and 6:00 p.m. Several other witnesses testified that the crime occurred "at dusky dark," "as it was getting dark," and "at dark." In *Nichols v. State*, 564 P.2d 667 (Okl.Cr.1977), it was held that it is the exclusive province of the jury to weigh the evidence and to determine the facts, and where there is competent evidence from which the jury could reasonably conclude that the defendant was guilty as charged, this Court will not interfere with the verdict. In this case, the jury weighed the credibility of each witness and concluded that the evidence was sufficient to establish the nighttime element. Therefore, defendant's first assignment of error is without merit.

## II.

The defendant's next assignment of error asserts that his confession should not have been admitted by the trial court because it was involuntary and given under highly suggestive circumstances. *Kelsey v. State*, 569 P.2d 1028 (Okl.Cr.1977), held that this Court will not disturb the trial court's ruling permitting the introduction of a confession when supported by sufficient evidence that the statement was voluntarily given. The trial judge in the case at bar held a lengthy in-camera hearing to determine whether the confession was voluntary. The evidence at this hearing clearly establishes that the defendant had been advised of his *Miranda* rights on at least three different occasions, he understood those rights, and waived them. The defendant in his confession also stated that no promises or threats had been made. This evidence was sufficient to establish a basis upon which the trial court could admit the confession.

Furthermore, we do not believe that the defendant's degree of intelligence or his alleged susceptibility to questioning invalidated his confession. We note from the record that conflicting testimony was presented concerning defendant's intelligence. The principal witnesses for the prosecution testified that they advised the defendant of his rights, which he acknowledged by signing his name to the Rights Waiver Form. They testified that he appeared calm and, after explanation, understood the nature of their inquiries. The defense introduced several witnesses who claimed that, due to the defendant's limited intelligence and susceptibility, he could be persuaded into confessing to any crime.

We note that in Instruction No. 13 the trial court properly instructed the jury that the question of whether or not a confession was voluntarily given, and whether or not the defendant understood the meaning and effect of the confession, are questions of fact for the jury. This Court has uniformly held that a jury's verdict upon disputed questions of fact will not be disturbed on appeal where there is any competent evidence in the record reasonably tending to support the same. *Tharpe v. State*, 358 P.2d 232 (Okl.Cr.1961). Having carefully reviewed the record, we are of the opinion that the evidence supported the findings of the jury. Accordingly, the defendant's second assignment of error is without merit.

## III.

Finally, the defendant asserts that the trial court erroneously permitted the State to introduce evidence of other crimes in the confession. The State argues that the defendant did not object to the evidence and thereby waived any error. This Court

has held that in order to preserve error of evidence of other crimes a contemporaneous objection is necessary. *Burks v. State,* 594 P.2d 771 (Okl.Cr.1979). In the present case, the defendant had heard a taped recording of the confession prior to trial and had sufficient time to object to the evidence. We are of the opinion that the defendant failed to preserve his objections and they are thus waived. *Boyd v. State,* 572 P.2d 276 (Okl.Cr.1977).

In light of the above, the judgment and sentence is AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.